934 So.2d 318 (2006)
Donald Jean FREI, Appellant
v.
STATE of Mississippi, Appellee.
No. 2004-KA-02323-COA.
Court of Appeals of Mississippi.
March 21, 2006.
Rehearing Denied July 25, 2006.
*321 John Carl Helmert, Jr., Clarksdale, attorney for appellant.
Office of the Attorney General by Deirdre McCrory, attorney for appellee.
EN BANC.
KING, C.J., for the Court.
¶ 1. Donald Jean Frei was indicted for sexual battery in Lee County on February 10, 2004. He was tried before a jury beginning August 9, 2004, which resulted in a mistrial. Frei was tried again before a jury beginning on November 9, 2004, resulting in his conviction. Frei was sentenced by the Lee County Circuit Court to thirty years incarceration, ten years suspended, and five years post-release supervision. Aggrieved by the trial judge's decision, Frei asserts the following issues on appeal:
1. THE TRIAL COURT ERRED BY NOT STRIKING THE TESTIMONY OF C.D.F.;
2. TRIAL COURT ERRED BY ALLOWING THE HEARSAY TESTIMONY OF HEATHER ROBERTSON AND MELISSA RATLIFF;
3. THE TRIAL COURT ERRED BY ALLOWING ADMISSION OF FREI'S CONFESSION INTO EVIDENCE;
4. THE JURY'S VERDICT WAS AGAINST THE WEIGHT AND SUFFICIENCY OF THE EVIDENCE;
5. THE INDICTMENT WAS FATALLY DEFECTIVE.
Finding no error in the trial court's decision, we affirm.

FACTS
¶ 2. On September 21, 2003, C.D.F.[1], Frei's three-year-old female relative, was visiting with Frei's sister, Kristie Trimm, in Sulligent, Alabama. C.D.F. was still in diapers at the time. While cleaning C.D.F.'s bottom, Trimm noticed it was stretched and red. Trimm then reported her findings to the Lee County Sheriff's Department, and took C.D.F. to the hospital. Frei was arrested by the Lee County Sheriff's Department while at the hospital. While at the sheriff's department, Frei gave an oral confession that was transcribed by Terry Jones, an investigator with the Lee County Sheriff's Department. In his confession, Frei admitted to putting his penis in C.D.F's mouth while rubbing and inserting his finger in her rectum.
¶ 3. Following Frei's arrest, C.D.F. was interviewed by Melissa Ratliff, a forensic interviewer, and Heather Robertson, a social worker with the Department of Human Services (DHS). During these talks, C.D.F. stated that Frei inserted his "stinky finger" in her "coo coo" and "stuff," and performed other acts on her with her clothes off. C.D.F. also testified to these matters before the court.
¶ 4. Before Frei's first trial, the trial court held a pre-trial/suppression hearing on August 3 and 5, 2004. During that hearing, the judge decided to allow testimony from C.D.F., Ratliff, and Robertson, and to admit Frei's confession into evidence. It is upon this evidence that Frei was convicted and appeals.

DISCUSSION

1. The trial court erred by not striking the testimony of C.D.F. upon proper motion.
¶ 5. Frei claims that the testimony of C.D.F. should have been excluded because she did not meet the competency standard. The determination of whether a *322 child witness of tender years is competent to testify is a matter primarily left to the trial judge's discretion. Bosarge v. State, 786 So.2d 426, 430(¶ 5) (Miss.Ct.App.2001). When making this determination, a judge should determine if a child (1) has the ability to perceive and remember events, (2) understands and answers questions intelligently, and (3) comprehends and accepts the importance of truthfulness. Id. In order for a party to prevail in seeking to exclude a witness's testimony, that party must show that, at the time the court made its initial decision, it was apparent that the witness did not meet the criteria for testifying, not that the subsequent testimony was flawed, or that the initial determination was possibly erroneous. Williams v. State, 859 So.2d 1046, 1049(¶ 14) (Miss.Ct.App.2003).
¶ 6. C.D.F. was three years old at the time of the incident, but was four years old during the suppression hearing and both trials. When questioned by the court at the suppression hearing, C.D.F. remembered coming to the courthouse previously and meeting with the prosecutor. When asked what she was there to talk about, she answered correctly and competently. C.D.F. testified that Frei took her clothes off, and touched her "tootie" with his "stinky finger." C.D.F. also testified that she knew what it meant to tell the truth, and that it was good to tell the truth. C.D.F. correctly told the court that it was a lie when asked if the prosecutor's white shirt was red. Based on this testimony and her ability to answer questions before the court, according to Bosarge, C.D.F. was found competent to testify.
¶ 7. Frei argues that minor differences in C.D.F.'s testimony at the suppression hearing and trial, as well as C.D.F.'s occasional interjection of irrelevant personal experiences, establishes C.D.F.'s lack of competency as a witness. C.D.F.'s primary testimony about Frei appears to have remained the same. Nonetheless, the test for competency takes place when the court makes its initial decision. Id. (emphasis added). Variations in testimony are matters of weight and credibility which are for the jury to resolve. Robert v. State, 821 So.2d 812, 817(¶ 20) (Miss.2002). The trial judge conducted an appropriate competency hearing and was well within his discretion in finding C.D.F. competent to testify. Therefore, this issue is without merit.

2. Trial court erred by allowing the hearsay testimony of Heather Robertson and Melissa Ratliff
¶ 8. Next, Frei questions the admissibility of the testimonies of Heather Robertson and Melissa Ratliff. The Mississippi Rules of Evidence allow the admission of certain hearsay statements made by children of tender years to another if the statements contain "sufficient indicia of reliability." M.R.E. 803(25).[2] Frei argues that Robertson and Ratliff's testimonies should be excluded because they fail to contain sufficient indicia of reliability. *323 This Court must let stand a trial judge's findings of evidentiary or ultimate fact when substantial evidence in the record supports those findings, or when the findings are not clearly erroneous. Crowe v. Smith, 603 So.2d 301, 305 (Miss.1992) (citing Matter of Estate of Varvaris, 528 So.2d 800, 802 (Miss.1988)). In his on the record findings, the judge found that both Robertson and Ratliff were trained in using acceptable techniques in talking with children thought to have been sexually abused. He also found that Robertson and Ratliff's testimonies corroborated one another, and showed that C.D.F. was consistent in her statements to them. Finding that the relationship between C.D.F. and Robertson and Ratliff was indeed professional, the Court admitted Robertson and Ratliff's testimony. Finding no error in the judge's findings, we find this issue is without merit.

3. Trial court erred by allowing admission of Frei's confession into evidence;

4. Jury's verdict was against the weight and sufficiency of the evidence.
¶ 9. Frei challenges the sufficiency of evidence twice in his brief. One challenge is based on Frei's claim that the trial court erred in admitting his confession. The second is based on the standards of proof used for sufficiency and weight of the evidence. Since these two issues are interrelated, we will discuss them together.

a. Whether the confession should have been admitted

¶ 10. Frei first argues that his confession should not have been admitted because it was given involuntarily. In determining if a statement is voluntarily, knowingly, and intelligently given, the trial court must act as fact-finder, and this Court is very limited in its review of that decision. Forrest v. State, 782 So.2d 1260, 1267(¶ 19) (Miss.Ct.App.2001). The factual inquiry to be determined by the judge should be from the totality of the circumstances. Dancer v. State, 721 So.2d 583, 587(¶ 19) (Miss.1998). As long as the judge applies the correct legal standards, his fact-finding will not be overturned unless clearly erroneous or contrary to the weight of the evidence. Id. at 587(¶ 18).
¶ 11. Frei claims that his plea was involuntary because the confession was written by Investigator Jones. In the pretrial hearing, Frei denied ever making any of the statements to Jones. Frei also testified that Jones did not allow him to complete a statement Frei claimed he tried to add to the confession. Finally, Frei stated that he only signed the confession because of promises Jones and others made to him. Jones and three other officers who witnessed Frei's interrogation also testified about Frei's confession. All of the officers testified that the written confession was a correct statement of Frei's voluntary verbal confession, that Frei voluntarily signed the waiver of rights, and that he was not promised anything in exchange for his confession. The judge considered Frei's testimony as well as the officers' testimony. In resolving the conflicting evidence, the court found that Frei's statement was given voluntarily after being advised of his rights, and was not the result of threats, promises, coercion, or duress. When admission of a statement rests on conflicting evidence, and the trial court admits that statement into evidence, we generally must affirm. Morgan v. State, 681 So.2d 82, 87 (Miss.1996)(citing Alexander v. State, 610 So.2d 320, 326 (Miss.1992)). This claim is without merit.

b. Whether the confession had proper foundation
¶ 12. Frei next claims that the confession was entered without proper *324 foundation. Frei claims that a defendant's confession to his crime is not enough to sustain a conviction. Frei relies on Bullock v. State, 447 So.2d 1284, 1286 (Miss. 1984), which states that the corpus delicti of a crime must be established before the State may introduce evidence of a confession. The corpus delicti is the body or substance of the crime. Cotton v. State, 675 So.2d 308, 313 (Miss.1996). Independent proof of the corpus delicti is needed beyond extrajudicial admissions or confessions to ensure that an innocent defendant does not get convicted of a crime he did not commit. Id. Corpus delicti need only be proven by a preponderance of the evidence, and the confession may be used to raise the proof beyond a reasonable doubt. Id.
¶ 13. In the case sub judice, there was an abundance of evidence present to prove the corpus delicti. C.D.F.'s testimony alone is sufficient to prove the corpus delicti. Mississippi case law clearly holds that the unsupported testimony of a victim of a sex crime is sufficient to support a guilty verdict. Winters v. State, 814 So.2d 184, 187(¶ 7) (Miss.Ct.App.2002). Therefore, it would certainly be enough to establish the corpus delicti. This claim is without merit.

c. Whether the jury verdict was against the weight and sufficiency of the evidence
¶ 14. Frei claims that the jury's verdict was against the weight and sufficiency of the evidence. When reviewing a denial of a motion for new trial based on an objection to the weight of the evidence, we will only disturb a verdict when it is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice. Bush v. State, 895 So.2d 836, 844(¶ 18) (Miss.2005) (citing Herring v. State, 691 So.2d 948, 957 (Miss.1997)). On a motion for a new trial, the court sits as the thirteenth juror, and will only grant a new trial in exceptional cases in which the evidence preponderates heavily against the verdict. Id. The State put on an abundance of evidence supporting Frei's conviction. C.D.F.'s testimony, the testimony of Robertson and Ratliff, as well as Frei's own confession served as enough evidence for the jury to weigh in favor of Frei's conviction. Thus, this claim is without merit.
¶ 15. The critical inquiry on the issue of legal sufficiency is whether the evidence shows "beyond a reasonable doubt that the accused committed the act charged, and that he did so under such circumstances that every element of the offense existed[.]" Bush, 895 at 843(¶ 16)(citing Carr v. State, 208 So.2d 886, 889 (Miss.1968)). Frei claims that the State failed to prove that he placed his penis in C.D.F.'s mouth, as stated in the indictment. However, Robertson testified that C.D.F. reported to her that Frei put his "stinky finger" in C.D.F.'s "coo coo" and her mouth, that it tasted "yucky," and that Frei "white on [her]." Further, Frei's confession clearly states that he put his penis in C.D.F.'s mouth. Frei states that this testimony should not be considered because C.D.F. denied oral penetration when asked at trial. Any questions as to the weight and credibility of testimony and admissible evidence is for the jury to resolve. See Robert, 821 So.2d at 817(¶ 20). This claim, too, is without merit. Therefore, we find that these issues are also without merit.

5. The indictment was fatally defective
¶ 16. Finally, Frei claims that the indictment was defective because it failed to allege an essential element of the crime, and failed to properly put Frei on *325 notice as to the dates of the charges. Frei failed to demur to these alleged defects at the trial court level. Courts may amend an indictment to correct a defect in form, but defects of substance must be corrected by the grand jury. Rhymes v. State, 638 So.2d 1270, 1275 (Miss.1994).[3] Where an alleged defect is formal and curable by amendment, it is considered waived by the failure to file a demurrer to the indictment. See Adams 851 So.2d at 379(¶ 45). However, an omission of an essential element in an indictment is not waived by failure to demur. Smith v. State, 806 So.2d 1148, 1150(¶ 4) (Miss.Ct.App.2002).
¶ 17. Frei claims that the indictment failed to expressly charge that he penetrated C.D.F. with lustful intent, and that such constitutes an omission and was not waived. The pertinent part of Frei's indictment reads:
[F]rom the 16th day of July, A.D., 2000 through the 19th day of September, 2003, [Frei] did commit a sexual battery upon [C.D.F.], a human being by placing his penis in the mouth of [C.D.F.] and by placing his finger inside her rectum, as defined in Section 97-3-97, Mississippi Code Annotated, amended without her consent, and at the time of said incident, the defendant was over the age of eighteen (18) years, having a birth date of May 7, 1975, and [C.D.F.] was under the age of fourteen (14) years, having a date of birth of July 16, 2000...
Mississippi Code Annotated § 97-3-95(1) (Rev.2000), the section under which Frei was charged provides in part that:
A person is guilty of sexual battery if he or she engages in sexual penetration with:
(a) Another person without his or her consent;
(b) A mentally defective, mentally incapacitated or physically helpless person;
....
(d) A child under the age of fourteen (14) years of age, if the person is twenty-four (24) or more months older than the child.
¶ 18. Sexual penetration is defined in Mississippi Code Annotated § 97-3-97(a) (Rev.2000) as, "cunnilingus, fellatio, buggery or pederastry, and penetration of the genital or anal openings of another person's body by any part of a person's body, and insertion of any object into the genital or anal openings of another person's body." However, neither section requires proof of lustful intent. Frei claims that since lustful intent is not specifically charged in the indictment, then the statute is overbroad because it includes innocent penetrations that can occur during the course of parental duties. In response to this concern, in Roberson v. State, 501 So.2d 398, 400-01 (Miss.1987), the supreme court reasoned:
[A]lthough, on its face, the definition of sexual penetration announced in [Mississippi Code Annotated] § 97-3-97 encompasses any penetration, the Court holds the parameters of the definition of sexual penetration are logically confined to activities which are the product of sexual behavior or libidinal gratification, not merely the product of clinical examinations or domestic, parental functions. As stated in United States v. Harriss, 347 U.S. 612, 618, 74 S.Ct. 808, 98 L.Ed. 989 (1954), [I]f [the] general class of offenses can be made constitutionally *326 definite by a reasonable construction of the statute, this Court is under a duty to give the statute that construction
¶ 19. This argument is without merit.
¶ 20. Frei's claim as to the sufficiency of the dates alleged in the indictment, however, is waived for failure to demur the indictment in the court below. "[A]n allegation as to the time of the offense is not an essential element of the offense charged in an indictment, and `within reasonable limits, proof of any date before the return of the indictment and within the statute of limitations is sufficient.'" Daniels v. State, 742 So.2d 1140, 1143(¶ 10) (Miss.1999) (quoting United States v. Cochran, 697 F.2d 600, 604 (5th Cir.1983)). Further, specific dates are not required in sexual abuse indictments so long as the defendant is fully and fairly advised of the charges against him. See Morris v. State, 595 So.2d 840, 842 (Miss. 1991). Therefore, the assignment is without merit and the decision of the trial court is affirmed.
¶ 21. THE JUDGMENT OF THE LEE COUNTY CIRCUIT COURT OF CONVICTION OF SEXUAL BATTERY AND SENTENCE OF THIRTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH TEN YEARS SUSPENDED AND FIVE-YEARS POST-RELEASE SUPERVISION IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LEE COUNTY.
LEE AND MYERS, P.JJ., SOUTHWICK, IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.
NOTES
[1] Due to the nature of the offense, the victim's real name will not be used in this opinion.
[2] Some factors that the court should examine to determine if there is sufficient indicia of reliability are (1) whether there is an apparent motive on declarant's part to lie; (2) the general character of the declarant; (3) whether more than one person heard the statements; (4) whether the statements were made spontaneously; (5) the timing of the declarations; (6) the relationship between the declarant and the witness; (7) the possibility of the declarant's faulty recollection is remote; (8) certainty that the statements were made; (9) the creditability of the person testifying about the statements; (10) the age or maturity of the declarant; (11) whether suggestive techniques were used in eliciting the statement; and (12) whether the declarant's age, knowledge, and experience make it unlikely that the declarant fabricated. Comment M.R.E. 803(25).
[3] A defect is one of form if it does not materially alter facts which are the essence of the offense as it originally stood, or materially alter a defense to the indictment as it originally stood, to the prejudice of the defense. Adams v. State, 851 So.2d 366, 379(¶ 44) (Miss.Ct.App.2002).