994 So.2d 785 (2008)
Steven Walter EASON, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2006-KA-01067-COA.
Court of Appeals of Mississippi.
March 4, 2008.
Rehearing Denied August 19, 2008.
Certiorari Denied November 13, 2008.
*787 Glenn S. Swartzfager, Jackson, attorney for appellant.
Office of The Attorney General by Jeffrey A. Klingfuss, attorney for appellee.
Before MYERS, P.J., GRIFFIS and CARLTON, JJ.
MYERS, P.J., for the Court.
¶ 1. Steven Walter Eason was convicted in Perry County of four counts of sexual battery and sentenced to serve a total of thirty years each on Counts I, II, and III, each to run consecutively. Eason was also sentenced to thirty years on Count IV, with ten years to serve in the custody of the Mississippi Department of Corrections and the remainder suspended with five years of post-release supervision, with all four of the sentences to run consecutively. Eason seeks review of two issues. First, Eason argues that the evidence presented was insufficient to prove the indictment, particularly with regard to Count IV of the indictment. Second, Eason asserts that the trial judge erred in denying his motion for a new trial, arguing the verdict was against the overwhelming weight of the evidence.

STANDARD OF REVIEW
¶ 2. Eason challenges both the weight and sufficiency of the evidence against him on appeal. A motion for a new trial challenges the weight of the evidence, and a motion challenging the verdict contests the sufficiency of the evidence. Dilworth v. State, 909 So.2d 731, 735 n. 4(¶ 16) (Miss.2005). This court reviews the denial of a motion for a new trial under an abuse of discretion standard. Gilmer v. State, 955 So.2d 829, 833(¶ 6) (Miss.2007). We will only overturn the denial of a new trial if the record demonstrates that the trial court abused its discretion, causing the verdict to be against the overwhelming weight of the evidence. Id. Therefore, "we will not order a new trial unless we are convinced that the verdict was contrary to the substantial weight of the evidence so that justice requires that a new trial be granted." Id. at 833(¶ 7). A motion for a directed verdict challenges the sufficiency of the evidence. Vaughn v. State, 926 So.2d 269, 271(¶ 4) (Miss.Ct.App.2006). Specifically, a challenge regarding the sufficiency of the evidence requires this Court to determine whether "the evidence is of such quality that reasonable and fairminded jurors in the exercise of fair and impartial judgment might reach different conclusions." Gilmer, 955 So.2d at 833(¶ 7). If not, the denial of a motion for directed verdict is proper. When determining whether or not to grant a motion for directed verdict, the trial court should look at the evidence in the light most favorable to the nonmoving party. Id. at 833(¶ 6).
¶ 3. Further, Eason questions the trial court's interpretation of Mississippi Code Annotated section 97-3-95 (Rev.2006), claiming that the State failed to prove sexual penetration by Eason, a necessary element required for conviction. This *788 Court reviews the interpretation of statutes de novo. Gilmer, 955 So.2d at 833(¶ 9) (citing McLamb v. State, 456 So.2d 743, 745 (Miss.1984)). First, this Court must determine whether the statute itself is ambiguous. Gilmer, 955 So.2d at 833(¶ 9) (citing Harrison v. State, 800 So.2d 1134, 1137 (Miss.2001)). If not found to be ambiguous, we will apply the "plain meaning of the statute and refrain from the use of statutory construction principals." Gilmer, 955 So.2d at 833 (¶ 9) (citing Pinkton v. State, 481 So.2d 306, 309 (Miss.1985)). Further, it is the "Court's primary objective ... to employ that interpretation which best suits the legislature's true intent or meaning." Gilmer, 955 So.2d at 833(¶ 9) (citing Clark v. State ex. rel Miss. State Med. Ass'n, 381 So.2d 1046, 1048 (Miss. 1980)).

FACTS AND PROCEDURAL HISTORY
¶ 4. Eason was arrested, charged, and convicted by a jury of four separate counts of sexual battery against two minor children, R.M.[1] and J.M. At trial, the State presented evidence that alleged Eason, the stepfather to minor children R.M. and J.M., committed sexual battery upon both R.M. and J.M. The State presented testimony from Eason's stepdaughter, R.M., that Eason forced her to engage in Count I, vaginal intercourse, Count II, anal intercourse, and Count III, oral intercourse with him. Further, testimony presented at trial asserted that Eason under Count IV, forced J.M. to perform sexual intercourse on his sister, R.M., while Eason watched.
¶ 5. Eason maintained throughout trial that the testimonies of both victims were untrustworthy and insufficient to prove the first three counts of the indictment. Eason further maintained that the State failed to prove sexual penetration as required by Mississippi Code Annotated section 47-7-34 (Rev.2004); therefore, the trial court's verdict should be reversed as being against the overwhelming weight of the evidence. The jury found him guilty on all four counts, and Eason was sentenced to serve thirty years each on Counts I, II, and III. Eason was also sentenced to thirty years on Count IV, with ten years to serve in the custody of the Mississippi Department of Corrections with five years of post-release supervision, with all four of the sentences to run consecutively.
¶ 6. After the jury verdict, Eason sought a judgment notwithstanding the verdict or, in the alternative, a new trial. The trial court denied both motions, and this appeal followed.

DISCUSSION
¶ 7. Eason alleges that the State failed to prove specifically on Count IV that Eason engaged in penetration with R.M. and J.M. because Eason himself did not penetrate R.M. or J.M., but rather he directed the children to have sexual intercourse with each other while he observed them. Eason claims the State failed to prove penetration since he directed the penetration rather than actually perform the penetration himself. However, the State argued that forcing two minor children to engage in a sex act for that person's own lustful gratification is prohibited under Mississippi Code Annotated section 97-3-95 (Rev.2006).
¶ 8. Additionally, Eason alleges that the evidence was insufficient to support the verdict as to Counts I, II, and III. Eason contends that the victim's testimony was *789 impeached, unbelievable, and contradictory to the other evidence presented. The State argues that the record is replete with testimony to support every count, including corroborating testimony from a medical expert.

I. WHETHER THE EVIDENCE WAS SUFFICIENT TO PROVE COUNT IV OF THE INDICTMENT.
¶ 9. The statute under which Eason was charged reads as follows: "(1) A person is guilty of sexual battery if he or she engages in sexual penetration with ... (d) A child under the age of fourteen (14) years of age, if the person is twenty-four (24) or more months older than the child." Miss.Code Ann. § 97-3-95 (Rev.2006). To "engage" in an act is defined in part as "to involve oneself or become occupied; participate." The American Heritage College Dictionary 455 (3d ed.1993). This Court has stated, "[a]lthough criminal statutes must be strictly construed in favor of the accused, we will not adopt an interpretation that is absurd or unreasonable." Smith v. State, 800 So.2d 535, 540(¶ 17) (Miss.Ct.App.2001) (citing Lewis v. State, 765 So.2d 493, 499(¶ 25) (Miss.2000)). "When the language used by the legislature is plain and unambiguous ... and where the statute conveys a clear and definite meaning ... [an appellate court] will have no occasion to resort to the rules of statutory interpretation." Miss. Ethics Comm'n v. Grisham, 957 So.2d 997, 1001(¶ 12) (Miss.2007) (citing Marx v. Broom, 632 So.2d 1315, 1318 (Miss.1994)). "Courts have a duty to give statutes a practical application consistent with their wording, unless such application is inconsistent with the obvious intent of the legislature." Grisham, 957 So.2d at 1001(¶ 12).
¶ 10. Reasonably and practically construed, Mississippi Code Annotated section 97-3-95 (Rev.2006), prohibits any penetration of a child's genital or anal openings by any part of the body or any object for lustful gratification. It is certain the Legislature did not intend to omit this type of conduct from punishment under this statute. Here, according to testimony in the record, the child, R.M., clearly, was penetrated by J.M. at the direction of Eason. The fact that Eason merely ordered the penetration of one minor child by another minor child, rather than doing it himself, is of no consequence. Eason was actively involved in the incident, which was for his own lustful gratification. Moreover, while "the definition of sexual penetration announced in Mississippi Code Annotated section 97-3-97 encompasses any penetration, the Court holds the parameters of the definition of sexual penetration are logically confined to activities which are the product of sexual behavior or libidinal gratification." Frei v. State, 934 So.2d 318, 325(¶ 18) (Miss.Ct.App.2006)(quoting Roberson v. State, 501 So.2d 398, 400 (Miss.1987)).
¶ 11. This Court and the Mississippi Supreme Court have interpreted Mississippi Code Annotated section 97-3-97 (Rev.2006) to include common sense applications where the accused attempts to engage in semantics regarding the literal reading of the statute. See Frei, 934 So.2d at 325(¶ 18) (holding that Mississippi Code Annotated section 97-3-95 was not overbroad despite the fact that innocent penetrations can occur during the course of parental activities or clinical duties and the meaning of sexual penetration is legitimately confined to those activities which are done for sexual gratification); see also Hennington v. State, 702 So.2d 403, 407-08 (¶¶ 12-20) (Miss.1997) (Defendant claimed the State failed to meet its burden of proof since the indictment charged him with penetration of a child, instead of penetration with a child; however, the court held "fulfillment of the sodomy penetration *790 requirement is not restricted to acts wherein the accused does the penetrating."). We see no reason why the literal reading of Mississippi Code Annotated section 97-3-95 (Rev.2006) would not include a perpetrator participating in penetration of a minor child by directing a second minor child to perform said penetration for the perpetrator's own sexual or lustful gratification. The evidence before us in the record was sufficient to support the jury verdict.

II. WHETHER THE VERDICT WAS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE.
¶ 12. Eason argues that the jury verdict was against the overwhelming weight of the evidence; and he asserts, in support of his argument, that the victim's testimony was unreliable. However, "Mississippi case law clearly holds that the unsupported testimony of a victim of a sex crime is sufficient to support a guilty verdict." Frei, 934 So.2d at 324(¶ 13) (citing Winters v. State, 814 So.2d 184, 187(¶ 7) (Miss.Ct.App.2002)). The State presented testimony from both victims, R.M. and J.M., identifying Eason as the alleged abuser. Eason finds error with the trial court's instruction to the jury that it could find him guilty of sexual battery if they found that he forced the two victims to have sexual intercourse. Eason asks that this jury instruction be found erroneous since Eason himself did not engage in sexual penetration with either of the victims as alleged in Count IV.
¶ 13. From this Court's reading of the record, the State also presented ample testimony from Dr. Patricia Tibbs, an expert witness on child sexual assault, to support the jury's verdict. While there was evidence presented by both sides regarding alternative theories of the case, the jury chose to believe the evidence and testimony presented by the State. Further, the jury had the benefit of hearing the witnesses and observing the presentation of evidence, and the jury chose to believe the State's presentation of evidence. This Court recognizes that a jury's verdict will generally be given great weight. Burr v. Miss. Baptist Med. Ctr., 909 So.2d 721, 731(¶ 35) (Miss.2005) (quoting Busick v. St. John, 856 So.2d 304, 308(¶ 9) (Miss.2003)). The jury, sitting as the fact-finder, determines the credibility of the witnesses and the weight of the evidence against the accused. Ward v. State, 881 So.2d 316, 323(¶ 31) (Miss.Ct.App.2004). Therefore, this Court cannot find that the verdict was against the overwhelming weight of the evidence.
¶ 14. THE JUDGMENT OF THE CIRCUIT COURT OF PERRY COUNTY OF CONVICTION OF COUNT I-SEXUAL BATTERY AND SENTENCE OF THIRTY YEARS; COUNT II-SEXUAL BATTERY AND SENTENCE OF THIRTY YEARS; COUNT III-SEXUAL BATTERY AND SENTENCE OF THIRTY YEARS, WITH SAID SENTENCES IN COUNTS I, II, AND III TO RUN CONSECUTIVE WITH EACH OTHER; COUNT IV-SEXUAL BATTERY AND SENTENCE OF THIRTY YEARS, WITH TEN YEARS TO SERVE IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND THE REMAINDER SUSPENDED WITH FIVE YEARS POST-RELEASE SUPERVISION, WITH SAID SENTENCE IN COUNT IV TO RUN CONSECUTIVE WITH SENTENCES IN COUNTS I, II, AND III, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO PERRY COUNTY.
KING, C.J., LEE, P.J., CHANDLER, GRIFFIS, BARNES, ISHEE AND CARLTON, JJ., CONCUR. IRVING, J., CONCURS IN PART AND RESULT. *791 ROBERTS, J., CONCURS IN COUNT I, II, III AND SPECIALLY CONCURS IN COUNT IV WITH SEPARATE OPINION JOINED BY LEE, P.J., IRVING, CHANDLER, GRIFFIS AND BARNES, JJ.
ROBERTS, J., Specially Concurring:
¶ 15. I concur with the majority's well-reasoned decision to affirm Eason's convictions for Counts I, II and III. As for Count IV, I reach the same conclusion as the majority, but by a different analysis. I must disagree that Eason himself "engaged" in penetration. However, Eason may most definitely be convicted as an aider and abettor of that penetration.
¶ 16. Count IV of the indictment charged that Eason:
did willfully, purposely, unlawfully and feloniously commit Sexual Battery upon [R.M.] and [J.M.], without the consent of the said [R.M.] and [J.M.], by engaging in the act of sexual penetration, to wit: forcing [J.M.] to place his penis in the annus [sic] of [R.M.], contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State of Mississippi.
As the majority notes, "A person is guilty of sexual battery if he or she engages in sexual penetration with ... [a] child under the age of fourteen (14) years of age, if the person is twenty-four (24) or more months older than the child." Miss.Code Ann. § 97-3-95(1)(d) (Rev.2006). According to section 97-3-97(a) of the Mississippi Code Annotated, among other things not relevant to our present purposes, sexual penetration includes "any penetration of the... anal openings of another person's body by any part of a person's body, and insertion of any object into the ... anal openings of another person's body."
¶ 17. The proof at trial demonstrated that, because R.M. and J.M. did not complete their chores to his satisfaction, Eason offered them two choices: they could get a spanking or they could complete an additional "chore." Since the children did not want to be spanked, they chose option two. At Eason's instruction, R.M. inserted his penis into J.M.'s anus. Therefore, there is no evidence that Eason actually penetrated or engaged in penetration of J.M., nor did he insert an object into J.M. R.M. is a human being. He is not an "object." Instead, R.M. penetrated J.M. To be sure, there is no evidence that R.M. did so willingly. He did so under coercion or duress based on a threat of force.
¶ 18. "[A]ny person who is present at the commission of a criminal offense and aids, counsels, or encourages another in the commission of that offense is an `aider and abetter' and is equally guilty with the principal offender." Mitchell v. State, 915 So.2d 1, 13-14(¶ 57) (Miss.Ct. App.2005) (citations omitted). Eason was not indicted as an aider and abettor. Even so, that does not preclude an instruction that the jury could convict him as such. E.g., Norris v. State, 893 So.2d 1071, 1074(¶ 9) (Miss.Ct.App.2004).
¶ 19. According to jury instruction S-6, the jury was instructed to convict Eason for sexual battery if it found, beyond a reasonable doubt, that Eason, "willfully, purposely, unlawfully and feloniously commit[ted] Sexual Battery by forcing [R.M.] to place his penis in the anus of [J.M.] without the consent of said [J.M.]." (emphasis added). Of significance is the fact that defense counsel stated "no objection" when called upon by the trial court to voice any complaint he had with the principles of law stated in jury instruction S-6. The trial judge was never presented with any proposed jury instruction from either party on the concept of Eason's potential guilt as an aider and abettor. I hesitate to *792 find any error on a matter never presented to the trial judge for consideration.
¶ 20. If a jury may convict someone as a principal for "encouraging" the commission of a crime, by extension, a jury may certainly convict someone as a principal for "forcing" the commission of a crime. "Forcing" someone to commit a crime absolutely contemplates, encompasses, and surpasses "encouragement." Moreover, as a principal, Eason's guilt is not dependent upon R.M.'s. Scales v. State, 289 So.2d 905, 908 (Miss.1974).
¶ 21. Without question, Eason's behavior was criminal.[2] I find no logical reason why Eason may not be convicted as a principal under the circumstances. Although jury instruction S-6 did not use the magic words "aider and abettor," I believe it adequately covered the correct principle of law. I find it sufficient to uphold Eason's conviction incident to Count IV. Because I reach the same conclusion as the majority, but by a different analysis, I respectfully concur.
LEE, P.J., IRVING, CHANDLER, GRIFFIS AND BARNES, JJ., JOIN THIS OPINION.
NOTES
[1] This case involves the sexual battery of two minors. Therefore, in order to protect their identity, we use initials to identify the two minor children.
[2] Had the prosecution chosen to do so, it could have charged Eason with violating section 97-1-6 of the Mississippi Code Annotated (Rev.2006). Section 97-1-6 provides:

In addition to any other penalty and provision of law, any person over the age of seventeen (17) who shall direct or cause any person under the age of seventeen (17) to commit any crime which would be a felony if committed by an adult shall be guilty of a felony and upon conviction shall be fined not more than Ten Thousand Dollars ($10,000.00) or imprisoned for not more than twenty (20) years, or both.