## HOLLEY *v.* STATE.

(Division B. April 6, 1936. Suggestion of Error Overruled, May 4, 1936.)

[166 So. 924. No. 32137.]

Stone & Stone, of Coffeeville, for appellant.

W. D. Conn, Jr., Assistant Attorney-General, for the state.

Griffith, J., delivered the opinion of the court.

Some time after nightfall, the deceased went to the house of two women, where apparently he was not welcomed. He soon left, and while he was gone appellant, who was in the house, stated that he, appellant, was going to kill the deceased if he returned. Later the deceased returned, and while standing on the porch, appellant came from within the house and struck the deceased a heavy blow on the head with an iron fire poker. The force of the blow was sufficient to knock the deceased from the porch and to fracture his skull. Within a short time, and while the deceased was attempting to rise from the ground, another negro appeared on the scene armed with a shotgun, and although appellant requested the other negro not to shoot the deceased, the negro who

had the shotgun nevertheless approached within close range and shot the deceased, killing him instantly. The deceased was making no hostile demonstration either when struck with the poker or when shot.

Appellant was indicted, tried, and convicted of an assault and battery with intent to kill and murder. He has appealed, and assigns as the ground for reversal that his conviction was contrary to the provisions of section 794, Code 1930, which reads as follows: "A person shall not be convicted of an assault with intent to commit a crime, or of any other attempt to commit an offense, when it shall appear that the crime intended or the offense attempted was perpetrated by such person at the time of such assault or in pursuance of such attempt."

If upon the occasion in question the deceased had received no other injury than the blow on the head delivered by the appellant and death had resulted therefrom, then, under the statute, appellant could not have been prosecuted for an attempt, because the facts would have shown beyond doubt that appellant would have been guilty of murder; guilty of a complete offense rather than of an attempt to commit the offense. Davis v. State, 89 Miss. 21, 42 So. 542. But the case now in hand presents a situation wherein it is doubtful whether the state could prove that the blow delivered by appellant would have resulted in death. There is no competent evidence in this record that the fracture of the skull would have proved fatal. Apparently no physician made any examination of the wounds, and there is no such detailed description of the fracture as to demonstrate to a jury that it was sufficient to produce death, even if without expert evidence such proof could be made. The quoted statute does not cover a case wherein it is doubtful that the offense attempted was actually completed by the accused, and in such case the state may elect to prosecute for the attempt.

Affirmed.