## Thompson *v.* State

No. 39866 December 5, 1955 83 So. 2d 761

*J. P. Edwards, Noel Buckley,* Mendenhall, for appellant.

*Wm. E. Cresswell,* Asst. Atty. Gen., Jackson, for appellee.

GILLESPIE, J.

Appellant was indicted, tried, and convicted of the crime of assault and battery with intent to rob one Gus Alford. The proof showed that the crime of robbery was completed; in fact, the defendant, testifying in his own behalf, admitted knocking Alford in the head with a heavy soft drink bottle and carrying away Alford's suitcase. The state's proof showed that appellant took from Alford money and a suitcase.

Section 2018 of the Mississippi Code of 1942 provides: ''A person shall not be convicted of an assault with intent to commit a crime, or of any other attempt to commit an offense, when it shall appear that the crime intended or the offense attempted was perpetrated by such person at the time of such assault or in pursuance of such attempt.''

Since the crime of robbery was perpetrated to completion, the courts are enjoined by Section 2018 from convicting appellant of an assault and battery with intent to rob. Failure to consummate the crime of robbery is an essential element of proof in a prosecution under an indictment charging assault and battery with intent to rob. Davis v. State, 89 Miss. 21, 42 So. 542; Williams v. State, 178 Miss. 899, 174 So. 47. If there had been doubt whether the crime of robbery was completed, the State could have elected to prosecute for assault and battery with intent to rob. Section 2018 does not cover a case wherein it is doubtful that the offense attempted was actually completed by the accused. Holley v. State, 175 Miss. 347, 166 So. 924. But the proof in this case was conclusive that the crime of robbery was perpetrated, and the State could not elect to indict and prosecute for assault and battery with intent to rob.

The judgment is reversed and rendered here for appellant, but since the proof shows that the appellant was manifestly guilty of the crime of robbery, he is ordered held for further action of the grand jury.

Reversed and judgment rendered and appellant ordered held for further action of the grand jury.

*McGehee,* C.J., and *Kyle, Arrington,* and *Ethridge,* JJ., Concur.