BROOM, Justice:
Assault with intent to rape was the charge brought against appellant, Young, in the Circuit Court of Simpson County, Mississippi. He appeals from a sentence of ten years in the penitentiary. We reverse.
The controlling issue is: Did the proof show a completed offense of rape rather than mere assault with intent ?
A fourteen-year-old female was at home with her two sisters and a brother (all younger than she). After the appellant arrived, the episode developed out of which the state indicted him for assault with intent to rape, contrary to Mississippi Code Annotated section 97-3-71 (1972).
The state’s case consisted largely of the testimony of the victim of the alleged assault. There was corroboration. Without repeating the details, we point out that the testimony of the prosecutrix showed the completed act of sexual intercourse rather than an assault with intent. Her testimony positively established penetration, after which she escaped and shot appellant with a rifle. Another state witness, in describing what appellant did, stated that “he raped her.”
Mississippi Code Annotated section 97-1-9 (1972) enjoins courts from convicting one of assault with intent to commit a crime in cases where the offense is perpetrated to completion. Thompson v. State, 226 Miss. 93, 83 So.2d 761 (1955). Failure to consummate the crime of rape is an essential element of the proof where the charge (as in this case) is “assault with intent to forcibly ravish.” In the case before us the proof was conclusive that the *403 sexual encounter was more than an assault with intent to ravish — it was actually perpetrated to completion. Therefore, under the rationale of Thompson, supra, it was error to prosecute and convict the appellant of assault with intent to ravish.
The judgment is reversed and rendered for appellant who is ordered held for further action of the grand jury.
Reversed and rendered.
RODGERS, P. J., and PATTERSON, INZER, SMITH, SUGG and WALKER, JJ., concur.