430 So.2d 857 (1983)
Roosevelt MASON
v.
STATE of Mississippi.
No. 54188.
Supreme Court of Mississippi.
May 4, 1983.
Stanfield & Holderfield, David E. Holderfield, Merrida P. Coxwell, Jr., Jackson, for appellant.
Bill Allain, Atty. Gen. by Billy L. Gore, Asst. Atty. Gen., Jackson, for appellee.
Before PATTERSON, C.J., and ROY NOBLE LEE and ROBERTSON, JJ.
*858 PATTERSON, Chief Justice, for the Court:
Roosevelt Mason was convicted of attempted armed robbery and sentenced to life imprisonment. From this judgment and sentence of the Circuit Court of the First Judicial District of Hinds County, he appeals.
Mason was indicted for the offense of attempted armed robbery. The district attorney moved to amend the indictment to read "armed robbery" rather than "attempted armed robbery" during trial which was never ruled on by the court. The jury was instructed for attempted armed robbery. Mason was found guilty of attempted armed robbery and sentenced by the court for attempted armed robbery. However, the evidence produced at trial conclusively established the offense of armed robbery.
An attempt to commit a crime is, as a general rule, an indictable offense, which is separate and distinct from the crime itself. Miss. Code Ann. § 97-1-7 (1972). The failure to commit the target crime is an essential element of an attempt. Bucklew v. State, 206 So.2d 200 (Miss. 1968). Mississippi Code Annotated § 97-1-9 (1972), prohibits a conviction for an assault with intent to commit a crime when the target crime attempted is in fact committed.
In Thompson v. State, 226 Miss. 93, 95, 83 So.2d 761, 762 (1955), the defendant was convicted of assault and battery with intent to rob. The proof established the completed offense of robbery. In reversing this Court held that "Failure to consummate the crime of robbery is an essential element of proof in a prosecution under an indictment charging assault and battery with intent to rob." See also Young v. State, 317 So.2d 402 (Miss. 1975); Williams v. State, 178 Miss. 899, 174 So. 47 (1937); and Davis v. State, 89 Miss. 21, 42 So. 542 (1907).
In this case there is conclusive proof that the armed robbery was consummated. It was therefore error to prosecute and convict Mason of attempted armed robbery. Although we think the rule we are required to follow leads to absurd results and does nothing to further the cause or the appearance of justice in the instant case, we cannot disregard the mandate of § 97-1-9.
The judgment below is reversed and remanded for further action by the grand jury.
REVERSED AND REMANDED.
WALKER and BROOM, P.J., and ROY NOBLE LEE, BOWLING, HAWKINS, DAN M. LEE, PRATHER and ROBERTSON, JJ., concur.