McMILLIN, C.J.,
FOR THE COURT.
¶ 1. Willie Lee Thomas was convicted of attempted sexual battery of a nineteen year old severely mentally retarded female. He has appealed his conviction raising two issues that, in actuality, involve the same proposition of law. Thomas claims that the scientific evidence, including DNA testing, showed beyond reasonable dispute that he, in fact, accomplished the intended crime of sexual battery and that this constitutes an absolute defense to a charge of attempted sexual battery.
¶ 2. There is statutory authority for the proposition that the State may not properly pursue a conviction for an attempted crime “when it shall appear that the crime intended or the offense attempted was perpetrated by such person ... in pursuance of such attempt.” Miss.Code Ann. § 97-1-9 (Rev.2000). Thomas’s assertion is that the evidence of his DNA material discovered in the victim’s genital area demonstrated beyond equivocation that he had accomplished the necessary penetration to complete the crime of sexual battery since even “slight” penetration is sufficient to convict. Jackson v. State, 452 So.2d 438, 440 (Miss.1984). However, in Holley v. State, the Mississippi Supreme Court rejected a similar argument in a prosecution for attempted murder where the victim had died but it was not established which of two nearly contemporaneous injuries caused the death. Holley v. State, 175 Miss. 347, 166 So. 924 (1936). In that situation, the supreme court said that the statute prohibiting prosecution for an attempt “does not cover a case wherein it is doubtful that the offense attempted was actually completed by the accused ....” Id.
¶ 3. In this case, the victim was severely retarded and unable to communicate by anything other than grunting or squealing sounds. Thus, she could not appear as a witness at trial and provide first-hand evidence of what actually transpired. The eyewitnesses for the State related seeing Thomas partially disrobed and in a very compromising situation with the victim but provided no evidence that would support a reasonable inference that an actual sexual penetration of the victim had occurred. There was no testimony that the presence of DNA material in the area of the victim’s genital area demonstrated beyond doubt that a penetration had occurred as defined by statute or case law. In that situation, the prosecution apparently concluded that the evidence as to this essential element needed to establish the completed crime was unsatisfactory. We do not find that manifestly in error. To the contrary, it appears an entirely correct assessment of the available incriminating evidence. The State could certainly have indicted for the completed crime and still obtained a conviction for attempt if the jury was unconvinced that a penetration had been shown beyond reasonable doubt. Miss.Code Ann. § 99-19-5 (Rev.2000). Rather than putting that decision to the jury, the prosecution simply declined to seek an indictment for the completed offense of sexual battery. Thomas’s appeal hinges entirely on the proposition that the State’s proof of a completed penetration was more persuasive than an objective analysis shows it to be. We do not find that to be the case. For this reason, we find this appeal to be without merit.
¶ 4. THE JUDGMENT OF THE CIRCUIT COURT OF BOLIVAR COUNTY OF CONVICTION OF ATTEMPTED SEXUAL BATTERY AND SENTENCE *650 OF FIFTEEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. SENTENCE IMPOSED TO BE SERVED CONSECUTIVELY TO ANY AND ALL SENTENCES PREVIOUSLY IMPOSED. COSTS OF THE APPEAL ARE ASSESSED TO BOLIVAR COUNTY.
KING AND SOUTHWICK, P. JJ., THOMAS, LEE, IRVING, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.
BRIDGES, J., NOT PARTICIPATING.