[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 787 
¶ 1. Steven Walter Eason was convicted in Perry County of four counts of sexual battery and sentenced to serve a total of thirty years each on Counts I, II, and III, each to run consecutively. Eason was also sentenced to thirty years on Count IV, with ten years to serve in the custody of the Mississippi Department of Corrections and the remainder suspended with five years of post-release supervision, with all four of the sentences to run consecutively. Eason seeks review of two issues. First, Eason argues that the evidence presented was insufficient to prove the indictment, particularly with regard to Count IV of the indictment. Second, Eason asserts that the trial judge erred in denying his motion for a new trial, arguing the verdict was against the overwhelming weight of the evidence.
 STANDARD OF REVIEW ¶ 2. Eason challenges both the weight and sufficiency of the evidence against him on appeal. A motion for a new trial challenges the weight of the evidence, and a motion challenging the verdict contests the sufficiency of the evidence.Dilworth v. State, 909 So.2d 731, 735 n. 4 (¶ 6) (Miss. 2005). This court reviews the denial of a motion for a new trial under an abuse of discretion standard. Gilmer v.State, 955 So.2d 829, 833(16) (Miss. 2007). We will only overturn the denial of a new trial if the record demonstrates that the trial court abused its discretion, causing the verdict to be against the overwhelming weight of the evidence.Id. Therefore, "we will not order a new trial unless we are convinced that the verdict was contrary to the substantial weight of the evidence so that justice requires that a new trial be granted." Id. at 833 (¶ 7). A motion for a directed verdict challenges the sufficiency of the evidence. Vaughn v. State, 926 So.2d 269, 271 (¶ 4) (Miss.Ct.App. 2006). Specifically, a challenge regarding the sufficiency of the evidence requires this Court to determine whether "the evidence is of such quality that reasonable and fairminded jurors in the exercise of fair and impartial judgment might reach different conclusions." Gilmer,955 So.2d at 833 (¶ 7). If not, the denial of a motion for directed verdict is proper. When determining whether or not to grant a motion for directed verdict, the trial court should look at the evidence in the light most favorable to the nonmoving party. Id. at 833 (¶ 6).
 ¶ 3. Further, Eason questions the trial court's interpretation of Mississippi Code Annotated section 97-3-95
(Rev. 2006), claiming that the State failed to prove sexual penetration by Eason, a necessary element required for conviction. This *Page 788 
Court reviews the interpretation of statutes de novo.Gilmer, 955 So.2d at 833(19) (citing McLamb v.State, 456 So.2d 743, 745 (Miss. 1984)). First, this Court must determine whether the statute itself is ambiguous.Gilmer, 955 So.2d at 833 (¶ 9) (citing Harrisonv. State, 800 So.2d 1134, 1137 (Miss. 2001)). If not found to be ambiguous, we will apply the "plain meaning of the statute and refrain from the use of statutory construction principals." Gilmer, 955 So.2d at 833 (¶ 9) (citingPinkton v. State, 481 So.2d 306, 309 (Miss. 1985)). Further, it is the "Court's primary objective . . . to employ that interpretation which best suits the legislature's true intent or meaning." Gilmer, 955 So.2d at 833 (¶ 9) (citing Clark v. State ex. rel Miss. State Med. Ass'n,381 So.2d 1046, 1048 (Miss. 1980)).
 FACTS AND PROCEDURAL HISTORY ¶ 4. Eason was arrested, charged, and convicted by a jury of four separate counts of sexual battery against two minor children, R.M.[1] and J.M. At trial, the State presented evidence that alleged Eason, the stepfather to minor children R.M. and J.M., committed sexual battery upon both R.M. and J.M. The State presented testimony from Eason's stepdaughter, R.M., that Eason forced her to engage in Count I, vaginal intercourse, Count II, anal intercourse, and Count III, oral intercourse with him. Further, testimony presented at trial asserted that Eason under Count IV, forced J.M. to perform sexual intercourse on his sister, R.M., while Eason watched.
 ¶ 5. Eason maintained throughout trial that the testimonies of both victims were untrustworthy and insufficient to prove the first three counts of the indictment. Eason further maintained that the State failed to prove sexual penetration as required by Mississippi Code Annotated section 47-7-34
(Rev. 2004); therefore, the trial court's verdict should be reversed as being against the overwhelming weight of the evidence. The jury found him guilty on all four counts, and Eason was sentenced to serve thirty years each on Counts I, II, and III. Eason was also sentenced to thirty years on Count IV, with ten years to serve in the custody of the Mississippi Department of Corrections with five years of post-release supervision, with all four of the sentences to run consecutively.
 ¶ 6. After the jury verdict, Eason sought a judgment notwithstanding the verdict or, in the alternative, a new trial. The trial court denied both motions, and this appeal followed.
 DISCUSSION ¶ 7. Eason alleges that the State failed to prove specifically on Count IV that Eason engaged in penetration with R.M. and J.M. because Eason himself did not penetrate R.M. or J.M., but rather he directed the children to have sexual intercourse with each other while he observed them. Eason claims the State failed to prove penetration since he directed the penetration rather than actually perform the penetration himself. However, the State argued that forcing two minor children to engage in a sex act for that person's own lustful gratification is prohibited under Mississippi Code Annotated section 97-3-95 (Rev. 2006).
 ¶ 8. Additionally, Eason alleges that the evidence was insufficient to support the verdict as to Counts I, II, andIII. Eason contends that the victim's testimony was *Page 789 
impeached, unbelievable, and contradictory to the other evidence presented. The State argues that the record is replete with testimony to support every count, including corroborating testimony from a medical expert.
 I. WHETHER THE EVIDENCE WAS SUFFICIENT TO PROVE COUNT IV OF THE INDICTMENT.
 ¶ 9. The statute under which Eason was charged reads as follows: "(1) A person is guilty of sexual battery if he or she engages in sexual penetration with . . . (d) A child under the age of fourteen (14) years of age, if the person is twenty-four (24) or, more months older than the child." Miss. Code Ann. § 97-3-95 (Rev. 2006). To "engage" in an act is defined in part as "to involve oneself or become occupied; participate." The American Heritage College Dictionary 455 (3d ed. 1993). This Court has stated, "[a]lthough criminal statutes must be strictly construed in favor of the accused, we will not adopt an interpretation that is absurd or unreasonable." Smith v.State, 800 So.2d 535, 540 (¶ 17) (Miss.Ct.App. 2001) (citing Lewis v. State, 765 So.2d 493, 499 (¶ 25) (Miss. 2000)). "When the language used by the legislature is plain and unambiguous . . . and where the statute conveys a clear and definite meaning . . . [an appellate court] will have no occasion to resort to the rules of statutory interpretation." Miss. Ethics Comm'n v. Grisham,957 So.2d 997, 1001 (¶ 12) (Miss. 2007) (citing Marx v.Broom, 632 So.2d 1315, 1318 (Miss. 1994)). "Courts have a duty to give statutes a practical application consistent with their wording, unless such application is inconsistent with the obvious intent of the legislature." Grisham,957 So.2d at 1001 (¶ 12).
 ¶ 10. Reasonably and practically construed, Mississippi Code Annotated section 97-3-95 (Rev. 2006), prohibitsany penetration of a child's genital or anal openings by any part of the body or any object for lustful gratification. It is certain the Legislature did not intend to omit this type of conduct from punishment under this statute. Here, according to testimony in the record, the child, R.M., clearly, was penetrated by J.M. at the direction of Eason. The fact that Eason merely ordered the penetration of one minor child by another minor child, rather than doing it himself, is of no consequence. Eason was actively involved in the incident, which was for his own lustful gratification. Moreover, while "the definition of sexual penetration announced in Mississippi Code Annotated section 97-3-97 encompasses any penetration, the Court holds the parameters of the definition of sexual penetration are logically confined to activities which are the product of sexual behavior or libidinal gratification."Frei v. State, 934 So.2d 318, 325 (¶ 18) (Miss.Ct.App. 2006) (quoting Roberson v. State,501 So.2d 398, 400 (Miss. 1987)).
 ¶ 11. This Court and the Mississippi Supreme Court have interpreted Mississippi Code Annotated section 97-3-97
(Rev. 2006) to include common sense applications where the accused attempts to engage in semantics regarding the literal reading of the statute. See Frei934 So.2d at 325 (¶ 18) (holding that Mississippi Code Annotated section 97-3-95 was not overbroad despite the fact that innocent penetrations can occur during the course of parental activities or clinical duties and the meaning of sexual penetration is legitimately confined to those activities which are done for sexual gratification); see also Hennington v. State,702 So.2d 403, 407-08 (Hit 12-20) (Miss. 1997) (Defendant claimed the State failed to meet its burden of proof since the indictment charged him with penetration of a child, instead of penetration with a child; however, the court held "fulfillment of the sodomy penetration *Page 790 
requirement is not restricted to acts wherein the accused does the penetrating."). We see no reason why the literal reading of Mississippi Code Annotated section 97-3-95
(Rev. 2006) would not include a perpetrator participating in penetration of a minor child by directing a second minor child to perform said penetration for the perpetrator's own sexual or lustful gratification. The evidence before us in the record was sufficient to support the jury verdict.
 II. WHETHER THE VERDICT WAS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE.
 ¶ 12. Eason argues that the jury verdict was against the overwhelming weight of the evidence; and he asserts, in support of his argument, that the victim's testimony was unreliable. However, "Mississippi case law clearly holds that the unsupported testimony of a victim of a sex crime is sufficient to support a guilty verdict." Frei934 So.2d at 324 (¶ 13) (citing Winters, v. State,814 So.2d 184, 187 (¶ 7) (Miss.Ct.App. 2002)). The State presented testimony from both victims, R.M. and J.M., identifying Eason as the alleged abuser. Eason finds error with the trial court's instruction to the jury that it could find him guilty of sexual battery if they found that he forced the two victims to have sexual intercourse. Eason asks that this jury instruction be found erroneous since Eason himself did not engage in sexual penetration with either of the victims as alleged in Count IV.
 ¶ 13. From this Court's reading of the record, the State also presented ample testimony from Dr. Patricia Tibbs, an expert witness on child sexual assault, to support the jury's verdict. While there was evidence presented by both sides regarding alternative theories of the case, the jury chose to believe the evidence and testimony presented by the State. Further, the jury had the benefit of hearing the witnesses and observing the presentation of evidence, and the jury chose to believe the State's presentation of evidence. This Court recognizes that a jury's verdict will generally be given great weight. Burr v. Miss. Baptist Med. Ctr.,909 So.2d 721, 731 (¶ 35) (Miss. 2005) (quoting Busick v. St.John, 856 So.2d 304, 308 (¶ 9) (Miss. 2003)). The jury, sitting as the fact-finder, determines the credibility of the witnesses and the weight of the evidence against the accused.Ward v. State, 881 So.2d 316, 323 (¶ 31) (Miss.Ct.App. 2004). Therefore, this Court cannot find that the verdict was against the overwhelming weight of the evidence.
 ¶ 14. THE JUDGMENT OF THE CIRCUIT COURT OF PERRY COUNTYOF CONVICTION OF COUNT I-SEXUAL BATTERY AND SENTENCE OF THIRTYYEARS; COUNT II-SEXUAL BATTERY AND SENTENCE OF THIRTY YEARS;COUNT III-SEXUAL BATTERY AND SENTENCE OF THIRTY YEARS, WITHSAID SENTENCES IN COUNTS I, II, AND III TO RUN CONSECUTIVE WITHEACH OTHER; COUNT IV-SEXUAL BATTERY AND SENTENCE OF THIRTYYEARS, WITH TEN YEARS TO SERVE IN THE CUSTODY OF THEMISSISSIPPI DEPARTMENT OF CORRECTIONS AND THE REMAINDERSUSPENDED WITH FIVE YEARS POST-RELEASE SUPERVISION, WITH SAIDSENTENCE IN COUNT IV TO RUN CONSECUTIVE WITH SENTENCES INCOUNTS I, II, AND III, IS AFFIRMED. ALL COSTS OF THIS APPEALARE ASSESSED TO PERRY COUNTY.
KING, C.J., LEE, P.J., CHANDLER, GRIFFIS, BARNES, ISHEE AND CARLTON, JJ., CONCUR. IRVING, J., CONCURS IN PART AND RESULT. *Page 791 
ROBERTS, J., CONCURS IN COUNT I, II, III AND SPECIALLY CONCURS IN COUNT IV WITH SEPARATE OPINION JOINED BY LEE, P.J., IRVING, CHANDLER, GRIFFIS AND BARNES, JJ.
[1] This case involves the sexual battery of two minors. Therefore, in order to protect their identity, we use initials to identify the two minor children.