ROBERTS, J.,
Dissenting:
¶ 73. Justin Shaffer thought he solicited sexual contact with a thirteen-year-old girl. In reality, he had been communicating with three adult volunteers with the organization “Perverted Justice.” Specifically, the people with whom Shaffer communicated were twenty-nine, twenty-one, and nineteen years old. According to the relevant Mississippi statute that existed when Shaffer propositioned the adults, it was not illegal to sexually proposition adults — even if one mistakenly believes he or she was propositioning a child.
¶ 74. We can all agree that Shaffer’s subjective intent was absolutely reprehensible. Be that as it may and as much as we may desire otherwise, the Mississippi Legislature did not define sexual solicitation of an “adult posing as a child” as a felony offense. Although the majority strives mightily to salvage this conviction, it does so according to a rationale involving an attempt theory that was neither charged nor sufficiently stated in the indictment. Additionally, the Greene County Circuit Court expressly refused to instruct the jury that it could find Shaffer guilty of attempted exploitation of a child. Even so, the majority reverses the judgment of the circuit court and, in effect, finds Shaffer guilty of a crime for which he was not indicted and according to a theory that was not put before the jury — all under the “direct-remand rule.” I find this conviction is simply unsalvageable. Therefore, I must dissent. With respect for the majority, I would reverse the judgment of the circuit court, render a judgment of acquittal, and discharge Shaffer.
¶ 75. The relevant facts of this case are largely undisputed. We are called upon to resolve a question of law regarding the Mississippi Legislature’s intent as stated by the language of Mississippi Code Annotated section 97-5-33(6) (Rev.2006). The precise question at issue is one of first impression in this state.
¶ 76. “It is bedrock law in Mississippi that criminal statutes are to be strictly construed against the State and liberally in favor of the accused.” Coleman v. State, 947 So.2d 878, 881 (¶ 10) (Miss.2006) (citing McLamb v. State, 456 So.2d 743, 745 (Miss.1984)). In Coleman, the Mississippi Supreme Court further stated that: *1117 “When the words of a statute are plain and unambiguous!,] there is no room for interpretation or construction, and we apply the statute according to the meaning of those words.” Id. (citation omitted). “It is only when a statute is unclear or ambiguous that we look beyond the language of the statute to determine its meaning.” Id. (citations omitted). “The court has no right to add anything to or take anything from a statute, where the meaning of the statute is clear_The law is that criminal statutes must be strictly construed. Such has been the law from time immemorial.” Id. (citation omitted).
¶ 77. Section 97-5-33(6) states that: “No person shall ... knowingly entice, induce, persuade, seduce, solicit ... a child to meet ... for the purpose of engaging in sexually explicit conduct.” Within the context of section 97-5-33(6), a “child” is defined as someone “who has not attained the age of eighteen (18) years.” Miss. Code Ann. § 97-5-31 (a) (Rev.2006). At the time that Shaffer communicated with the adult volunteers, section 97-5-33(8) stated that: “The fact that an undercover operative or law enforcement officer was involved in the detection and investigation of an offense ... shall not constitute a defense to a prosecution under this section.” Shaffer’s central argument is that there was insufficient proof that he solicited a child because he never communicated with a child, although he thought he did.
¶ 78. The majority finds that Shaffer could not have been found guilty of exploitation of a child because he never communicated with a child. I agree with the majority in that regard. However, the majority then goes forward and concludes not only that Shaffer could have been found guilty — but also that he is guilty of attempted exploitation of a child.
¶ 79. An attempt to commit a crime consists of three elements: “(1) an intent to commit a particular crime; (2) a direct ineffectual act done toward its commission; and (3) the failure to consummate its commission.” Greenwood v. State, 744 So.2d 767, 769 (¶ 7) (Miss.1999). “[M]ere intention to commit a crime will not sustain a conviction for an attempt.” Id. at 770 (¶ 7). Section 97-5-33(6) does not include a provision by which one may be found guilty of attempted solicitation of a child. Instead, section 97-5-33(6) prohibits an adult from certain conduct intended to facilitate a meeting between an adult and a child “for the purpose of engaging in sexually explicit conduct.” Specifically, section 97-5-33(6) prohibits an adult from behavior intending to “entice, induce, persuade, seduce, solicit, advise, coerce, or order” a child to meet “for the purpose of engaging in sexually explicit conduct.”
¶ 80. Shaffer may have attempted to meet with a child for the purpose of engaging in sexually explicit conduct, but he did not attempt to “entice, induce, persuade, seduce, solicit, advise, coerce, or order” a child to meet. In my judgment, the gravamen of the offense is the solicitation for sexually explicit conduct. Each act described in section 97-5-33(6) is, in and of itself, an attempt to persuade the recipient to engage in sexual conduct. The specific acts prohibited by section 97-5-33(6) are enticing, inducing, persuading, seducing, soliciting, coercing, or ordering a child to meet with the adult for the purpose of engaging in sexual conduct. Once the accused commits any of those acts, the crime is complete. Neither the persuasiveness of the accused nor the acceptance by the “victim” is relevant. In that regard, section 97-5-33(6) penalizes any attempt to persuade sexual conduct with a child. In effect, the majority finds that Shaffer is guilty of “attempting” to attempt (solicit) sexual conduct with a child. In this re *1118 gard, I find the following conclusion of the Florida Supreme Court very persuasive: “If a crime is itself an attempt to do an act or accomplish a result, there can be no lesser[-]included offense of attempting to commit that crime.” Pagano v. State, 387 So.2d 349, 350 (Fla.1980).
¶ 81. To best illustrate the problem, if Shaffer had typed a sexually explicit invitation to “Chloe” on his computer but had pressed “delete” instead of “send,” no member of this Court would argue that Shaffer had attempted to solicit sexually explicit conduct with someone even though he had committed an “overt act” by typing the message. On the other hand, had Shaffer pressed “send,” no member of this Court would disagree that he had solicited sexually explicit conduct from “Chloe” and that the crime had been completed. Thus, Shaffer fully committed and completed the primary element of the offense — an enticement or solicitation of sexually explicit conduct. That is, Shaffer completed the solicitation or “attempt” element of the crime. When a crime has been completed, one may not be convicted for an attempt to commit that crime. Mason v. State, 430 So.2d 857, 858 (Miss.1983). The sound logic of this principle is self-evident. When the principal crime has been completed, any conduct constituting an attempt to commit that crime merges into the principal offense. Punishing an offender for both an attempt to commit the primary offense as well as for actual commission of that offense violates the constitutional prohibition against double jeopardy.
¶ 82. According to the State, it would be absurd to interpret section 97-5-33(6) as requiring that the government use actual children to detect people trying to exploit children. The State cites Eason v. State, 994 So.2d 785 (Miss.Ct.App.2008) to support its position. Steven Walter Eason was charged with and convicted of sexual battery of two children. Id. at 788 (¶ 4). The evidence at trial indicated that as to count IV, Eason did not personally engage in sexual penetration of a child. Id. Instead, he forced one child to sexually penetrate another child. Id. at (¶ 7). In Ea-son, six members of this Court also held that Eason’s conviction on Count IV should be affirmed by considering Eason as an accessory-before-the-fact because Eason aided, encouraged, and assisted in the offense and was, therefore, eligible to be punished as though he was the principal offender. Id. at 792 (¶ 21) (Roberts, J., specially concurring). I can find no basis in Eason that justifies that State’s reliance upon it as support for its argument.
¶ 83. In Nevada v. Colosimo, 122 Nev. 950, 142 P.3d 352, 359 (2006), the Nevada Supreme Court reviewed a trial court’s decision to dismiss an indictment that charged Anthony Colosimo with using technology to lure a child away from the child’s parents. Colosimo “corresponded through the Internet vñth an undercover police detective ... whom Colosimo believed to be a fourteen-year-old girl.” Id. at 354. Colosimo was apprehended after he arrived at a predetermined meeting location and was charged with violating NRS 201.560(1), which stated that:
a person shall not knowingly contact or communicate with or attempt to contact or communicate with a child who is less than 16 years of age and who is at least 5 years younger than the person with the intent to persuade, lure, or transport the child away from his home or from any location known to his parents.
Id. at 354-55. NRS 201.560(4)(a) addressed violations or attempted violations of NRS 201.560(1) by using a computer with the intent to engage in sexual conduct with the child. Id. at 355. The Nevada trial court dismissed the indictment against Colosimo and the State appealed. *1119 Among other reasons, the trial court found that dismissal was appropriate because “the State could not prove the elements of the crime charged since no actual minor, or her parents, ever existed.” Id. The Nevada Supreme Court affirmed the trial court’s dismissal.
¶ 84. In so doing, Colosimo mentioned similar statutes from other jurisdictions. Id. at 359 n. 37. According to Colosimo, “similar luring statutes in other states permit enforcement by police sting operations by either identifying intended victims with language such as ‘a person the adult believes to be a minor.’ ” Id. (citing N.D. Cent.Code § 12.1-20-05.1(2) (Supp.2005); W. Va.Code Ann. § 61-3C-14b (2005)); See also Minn.Stat. Ann. § 609.352(2) (2000). Our section 97-5-33 does not include any such provision. Colosimo further noted that, alternatively, some jurisdictions “include an express provision that it is not a defense that the intended victim was a law[-]enforcement officer posing as a minor.” Colosimo, 142 P.3d at 355 n. 37 (citing Ariz.Rev.Stat. Ann. § 13-3554(B) (Supp.2005); N.M. Stat. Ann. § 30-37-3.2(B) (Supp.2006)). Finally, Colosimo noted that some state statutes use both methods. Id. (citing Idaho Code Ann. § 18-1509A(1), (3) (2004); Ohio Rev.Code Ann. § 2907.07(A), (C)(2) (2004); Utah Code Ann. § 76-4^101(1), (2) (2003)). Shaffer communicated with “Chloe” during June and July 2006. During that time, section 97-5-33(8) merely stated that an undercover operative’s involvement “shall not constitute a defense to prosecution.” It did not include language that addressed adults posing as children. In fact, section 97-5-33(6) contained no provisions related to either method of specifically addressing circumstances in which an adult poses as a child during a solicitation of sexual conduct from another adult.
¶ 85. The Arizona Supreme Court faced a similar issue in Mejak v. Granville, 212 Ariz. 555, 136 P.3d 874 (2006). Jeremy Mejak solicited sexual contact from a news reporter who pretended to be a thirteen-year-old girl. Id. at 875 (¶ 3). At that time, Arizona law prohibited “offering or soliciting sexual conduct with another person knowing or having reason to know that the other person is a minor.” Id. at (¶ 1) (citing Ariz.Rev.Stat. Ann. § 13-3554(A) (Supp.2003)). Arizona law also stated that: “It is not a defense to a prosecution ... for luring a minor if the other person was a peace officer posing as a minor.” Id. (citing Ariz.Rev.Stat. Ann. § 13-3554(B) (Supp.2003)). Mejak unsuccessfully moved to dismiss the indictment against him. Id. at (¶¶ 4-5). On appeal, the Arizona Supreme Court held that “when the person solicited is an adult posing as a minor, but is not a peace officer ... a person cannot be charged with luring.” Id. at (¶ 2). In so doing, the Arizona Supreme Court stated as follows:
First, subsection (A) requires that the person charged with the crime of luring “know or have reason to know that the person being lured is a minor.” The use of the phrase “is a minor” suggests that the crime cannot be committed without the luring of an actual minor. Second, subsection (B) prevents a defendant from escaping criminal responsibility if the person lured is “a peace officer posing as a minor.” Read in conjunction with subsection (A), this provision further supports the conclusion that unless the purported victim is a peace officer posing as a minor, the crime of luring requires that an actual minor be lured.
Third, subsection (C), the penalty provision of A.R.S. § 13-3554, states that “if the minor is under fifteen years of age” the crime is punishable under the provisions of A.R.S. § 13-604.01(1) (Supp.2003), a subsection of the sentenc *1120 ing statute for Dangerous Crimes Against Children. The use of the phrase “the minor” in subsection (C) signals the legislature’s intention that, unless subsection (B) applies, the statute is violated only when an actual minor is lured. Thus, when § 13-3554 is considered as a whole, the language requires that the person lured be a minor, or a peace officer posing as a minor, before a person can be charged with luring a minor for sexual exploitation.
Id. at 876 (¶¶ 12-13) (internal citations and footnote omitted). Even so, the Arizona Supreme Court also stated that Mejak could have been charged with “attempted luring or attempted sexual conduct with a minor.” Id. at 875 n. 1. Despite the Arizona Supreme Court’s finding that Mejak could have been charged with “attempted luring,” the Arizona Supreme Court held as follows:
The State ... charged Mejak not with attempt, but with the completed offense of luring. But a defendant cannot be held criminally responsible for a completed crime when it is impossible to commit the offense.... The luring statute requires that an actual minor or a peace officer posing as a minor be lured. Because the person Mejak lured was not a minor or [a] peace officer posing as a minor, he could not violate the criminal statute under which he was indicted.
Id. at 878 (¶ 21).
¶ 86. The majority’s rationale hinges on the concept that Shaffer was guilty of attempted exploitation of a child — which the majority considers to be a lesser-included offense of exploitation of a child. The majority notes that Mississippi Code Annotated section 99-19-5(1) (Rev.2006) sets forth that: “On an indictment for any offense[,] the jury may find the defendant guilty of the offense as charged, or of any attempt to commit the same offense ... without any additional count in the indictment for that purpose.” (Emphasis added). Furthermore, Mississippi Code Annotated section 97-1-7 (Rev.2006) provides that:
Every person who shall design and endeavor to commit an offense, and shall do any overt act toward the commission thereof, but shall fail therein, or shall be prevented from committing the same, on conviction thereof, shall, where no provision is made by law for the punishment of such offense, be punished as follows: ... if the offense attempted be punishable by imprisonment in the penitentiary, or by fine and imprisonment in the county jail, then the attempt to commit such offense shall be punished for a period or for an amount not greater than is prescribed for the actual commission of the offense so attempted.
¶ 87. Even if Shaffer can be convicted of attempted exploitation of a child, section 99-19-5 does not relax the requirement that a conviction for attempt must arise from an indictment that charges an overt act in furtherance of the attempt. If an accused is to be convicted of an attempted crime, the “charging document” — an indictment or a criminal information — is required to satisfy two elements: “(1) the intent to commit the offense, and (2) an overt act toward its commission.” Neal v. State, 936 So.2d 463, 467 (¶ 13) (Miss.Ct.App.2006) (quoting Maxie v. State, 330 So.2d 277, 277 (Miss.1976)).
¶ 88. The indictment against Shaffer reads as follows:
Justin David Shaffer ... did unlawfully, willfully, and feloniouslyt,] through the use of messaging sent via a computer and cellular telephone[,] knowingly entice, induce, persuade, seduce, solicit, advise, coerce, or order a child under the age of 18 years, to meet with him for the *1121 purpose of engaging in sexually explicit conduct....
The indictment certainly did not claim that Shaffer attempted to perform any of the acts prohibited by section 97-5-33(6). This Court has held that a criminal information alleging that an accused had used violence — without describing the specific act of violence — while attempting to take a victim’s money did not charge an overt act in furtherance of a crime; therefore, the information did not properly charge attempted simple robbery. Neal, 936 So.2d at 467 (¶ 13). Here, the indictment merely alleged that Shaffer had sent messages “via a computer and cellular telephone.” The indictment did not describe any specific act by which Shaffer attempted to persuade an undercover operative posing as a child to meet him. The indictment did not reference any specific message Shaffer had allegedly sent. The Mississippi Supreme Court has held that “words specifically describing the overt acts are mandatory in any indictment for attempt.” Watson v. State, 483 So.2d 1326, 1328 (Miss.1986) (citation omitted). “An indictment charging the essential elements of a crime must be served on a defendant in order for a court to obtain subject[-]matter jurisdiction over the subject of a particular offense.” Neal, 936 So.2d at 466 (¶ 7).
¶ 89. However, even if the indictment properly charged Shaffer with an overt act in furtherance of a crime, the jury was not instructed that it could convict Shaffer for any attempted exploitation of a child. Instead, the circuit court explicitly refused to instruct the jury pursuant to the prosecution’s proffered instruction S-7 on attempt. The circuit court’s refusal of the prosecution’s proffered jury instruction on attempt has not been raised as an issue on appeal.
¶ 90. With all of the advantages of hindsight, we may wonder why the Legislature crafted section 97-5-33(6) in a way that would not punish Shaffer’s behavior as an exploitation of a child. The language from section 97-5-33(8), prior to its amendment, appears to be the Legislature’s effort to minimize, curtail, or possibly destroy a defendant’s attempt to use “entrapment” as a successful defense to a charge of solicitation of a child. Any jurist recognizes that at least one law-enforcement officer is “involved” in the detection and investigation of most, if not all, felony cases. Moreover, the affirmative defense of entrapment often lends itself well to defendants caught sexually soliciting children on the Internet. It is possible that the Legislature did not want adults who were not law-enforcement officers pretending to be children communicating with people in an effort to tempt them to commit crimes. Be that as it may, whether for moral reasons or simply for. self-preservation, Shaffer occasionally expressed a reluctance or reservation to meet with “Chloe” for sex. When Shaffer did so, the volunteers with Perverted Justice arguably encouraged Shaffer to go forward with their plans to have sex. A Perverted Justice volunteer in response to Shaffer’s purported reluctance once even professed that she, acting as “Chloe,” was in love with Shaffer. It is not outside the realm of possibilities to conclude that the Legislature did not want to authorize private adult “volunteers” surfing the web pretending to be susceptible children trying to catch adults not otherwise predisposed to commit the offense. For whatever reason, the Legislature drafted section 97-5-33(6) clearly to require solicitation of minors younger than eighteen years old.[15]
*1122 ¶ 91. Section 97-5-33(6), as written at the time Shaffer communicated with adults who posed as a child, did not contain any provision that turned on what Shaffer believed. Furthermore, section 97-5-33(6) only allowed for a conviction where the proof demonstrated, beyond a reasonable doubt, that the accused solicited a child— defined as someone less than eighteen years old. Although section 97-5-33(8) precluded raising a defense that an undercover operative was “involved,” Shaffer did not raise an affirmative defense. He did not call any witnesses. He presented no proof whatsoever. He simply moved to dismiss after the prosecution rested its case-in-chief and argued that, assuming that all of the prosecution’s evidence and the favorable inferences that arise from that evidence were true, the prosecution presented insufficient evidence that he committed the offense.
¶ 92. I cannot reach the result the majority creates. The indictment did not allege an overt act. What overt act in furtherance of an attempt did the jury conclude that Shaffer had committed? Apparently, only the majority knows, because the jury found none. Solicitation is, by definition, an attempt to persuade. The majority’s attempt theory was not presented to the jury. The jury did not return a verdict finding Shaffer guilty of attempted solicitation of a minor. Instead, the majority finds Shaffer “guilty of attempted exploitation.” The circuit court did not instruct the jury on the applicable law of the majority’s attempt theory. Even under the questionable assumption that attempted exploitation of a child is, somehow, a lesser-included offense of child exploitation, I know of no authority that allows the majority to proceed as it does.
¶ 93. The specially concurring opinion cites Eakes v. State, 665 So.2d 852 (Miss.1995), apparently as authority for the proposition that Shaffer may be convicted for an attempt without the necessity of a count in the indictment that specifically charges an attempt. I have no dispute ■with the specially concurring opinion’s authority itself. This dissenter presided over the trial that led to the appeal in Eakes. As the author of the specially concurring opinion notes, in that case, the prosecution moved to amend Count IV of the indictment to include an attempted sexual-battery charge. Eakes, 665 So.2d at 859. The amendment did not prejudice the defendant in Eakes. Id. at 860. Consequently, the indictment, as amended, included language that charged an overt act in furtherance of the principal crime. The jury was specifically instructed on the elements necessary to convict the defendant for an attempt to sexually batter a child. Id. at 871. Importantly, the jury found the defendant in Eakes guilty of attempted sexual battery of a child — not an appellate court. Id. at 872. Here, no one sought to amend the indictment against Shaffer. The indictment in this case was never amended, and it never included a charged overt act in furtherance of a principal crime.
¶ 94. A final matter bears discussion. The majority remands this matter to the circuit court under the direct-remand rule. The direct-remand rule applies only in criminal cases in which an appellate court determines that the evidence is legally insufficient to support a conviction for the *1123 primary offense, but it is sufficient to support a conviction for a lesser-included offense and the potential punishment for that lesser-included offense is less harsh than the potential punishment for the primary offense. See, e.g., Wade v. State, 748 So.2d 771, 777 (¶ 20) (Miss.1999). The majority does so pursuant to Shields v. State, 722 So.2d 584, 587 (¶ 17) (Miss.1998), which held that there was sufficient evidence to find an accused guilty of a lesser-included offense without instructing the jury that it could find an accused guilty of that crime. Clonelle Shields was found guilty of aggravated assault. Id. at 584 (¶ 1). On appeal, the State conceded that there was insufficient evidence to support Shields’s conviction for aggravated assault. Id. at 585 (¶ 3). However, the State successfully argued that there was sufficient evidence to support a conviction for the lesser-included offense of simple assault. Id. at 587 (¶ 18). Shields does not minimize the requirement that, to find an accused guilty of attempt, the indictment against the accused must include language alleging that the accused had committed some overt act in furtherance of a principal crime. Be that as it may, even if I agreed with the majority’s resolution, I would not find it necessary to remand the matter to the circuit court for resentencing. A conviction for an attempted violation carries the exact same penalty as a completed violation. Miss.Code Ann. § 97-1-7. Obviously, the circuit court was fully aware Shaffer had, in fact, solicited adults instead of a child. It follows that it is unnecessary to remand. Accordingly, I respectfully dissent.

. I acknowledge that, effective July 1, 2007, the Legislature may have cured the problem in Shaffer's case when it amended section 97-5-33(8) to include the language regarding an “undercover operative or law enforcement officer pos[ing] as a child.” Miss.Code Ann. *1122 § 97-5-33(8) (Supp.2009). I further acknowledge, as does the majority, that pursuant to Article I, Section 9 of the United States Constitution and Article 3, Section 16 of the Mississippi Constitution, such amendment cannot benefit the State to the detriment of Shaffer based on the constitutional prohibition against punishing an accused based on an ex post facto law.