CHANDLER, Justice,
dissenting:
¶ 30. I respectfully dissent. I concur with the analysis and result advocated by my learned colleague, Justice Kitchens. I write separately to provide a discussion of why I would not apply the direct-remand rule to this case.
*1078 ¶ 31. In Shields v. State, 722 So.2d 584, 585 (Miss.1998), this Court stated that “when the jury convicts of a greater offense, which is invalidated on appeal for want of sufficiency of the evidence, no new trial is required and the defendant may be remanded for sentencing upon the lesser included offense where the proof establishes proof of the lesser offense.” This principle is known as the direct-remand rule. Id. The rationale behind the rule is that “guilt of a true lesser included offense is implicitly found in the jury’s verdict of guilt on the greater offense.” Id. (citing Washington v. State, 222 Miss. 782, 787, 77 So.2d 260, 263 (1955)). Shields held that this rule applies even when the trial court did not give a lesser-included-offense jury instruction. Id. at 587.
¶ 32. The Court of Appeals held that the direct-remand rule applied, permitting its remand to the trial court for Shaffer’s resentencing for attempt. In support of this result, the Court of Appeals cited Mississippi Code Section 99-19-5(1), which states:
On an indictment for any offense the jury may find the defendant guilty of the offense as charged, or of any attempt to commit the same offense, or may find him guilty of an inferior offense, or other offense, the commission of which is necessarily included in the offense with which he is charged in the indictment, whether the same be a felony or misdemeanor, without any additional count in the indictment for that purpose.
Miss.Code Ann. § 99-19-5(1) (Rev.2007). The Court of Appeals held that, because under Section 99-19-5(1), the child-exploitation charge had placed Shaffer on notice that he could be found guilty of attempted child-exploitation, the direct-remand rule applied. But the direct-remand rule only permits resentencing for a lesser-ineluded offense. As Justice Kitchens points out, this Court never has held that attempt is a lesser-ineluded offense of the completed crime.
¶33. Whether attempt is a lesser-included offense of the completed crime varies by jurisdiction, and depends upon the elements set out in that jurisdiction’s statute codifying attempt. Under the federal approach, the crime of attempt includes two elements: (1) that the defendant acted with the culpability required by the underlying substantive offense, and (2) that the defendant took a substantial step toward the commission of the substantive offense. U.S. v. Barlow, 568 F.3d 215, 219 (5th Cir.2009). Because the substantive offense includes both of the elements of an attempt to commit that offense, the federal courts have held that attempt is a lesser-ineluded offense of the substantive offense. U.S. v. Castro-Trevino, 464 F.3d 536, 543 (5th Cir.2006) (citing U.S. v. York, 578 F.2d 1036, 1040 (5th Cir.1978)); U.S. v. Remigio, 767 F.2d 730, 733 (10th Cir.1985). The Fifth Circuit has held that, when a defendant was convicted of the substantive offense, but the facts were sufficient to support only a conviction of attempt, the court is empowered to modify the judgment to reflect attempt without impacting the defendant’s rights. Id.
¶ 34. In contrast, this Court has held that attempt is an indictable offense, separate and distinct from the completed crime. Mason v. State, 430 So.2d 857, 858 (Miss.1983). In Mississippi, the crime of attempt includes the following three elements: (1) an intent to commit an offense; (2) an overt act toward its commission; and (3) the failure to consummate its commission. Miss.Code Ann. § 97-1-7 (Rev. 2006). We have held that the failure to consummate the completed crime is an essential element of attempt as defined by Section 97-1-7. Id.
*1079 ¶ 35. The direct-remand rule applies when the proof was sufficient to support a conviction of a lesser-included offense, but was insufficient to support a conviction of the completed offense. Shields, 722 So.2d at 585. “[A] lesser-included offense ‘is one in which all its essential ingredients are contained in the offense for which the accused is indicted, but not all of the essential ingredients of the indicted offense. An accused could not be guilty of the offense for which he is indicted without at the same time being guilty of the lesser-included offense.’ ” Gause v. State, 65 So.3d 295, 300 (Miss.2011) (quoting Thomas v. State, 48 So.3d 460, 472 (Miss.2010)).
¶ 36. Because the crime of attempt includes the essential element of failure to consummate the completed crime, which is not an element of the completed crime, attempt is not a lesser-included offense of the completed crime. Therefore, the direct-remand rule would not apply to permit resentencing for attempt. I would find that the direct-remand rule is inapplicable to Shaffer’s conviction for the completed crime of child-exploitation, where the proof sufficiently supported only the crime of attempted child-exploitation. For this reason, and for the reasons articulated by Justice Kitchens, I would reverse and render.
KITCHENS, J., JOINS THIS OPINION.