Mr. Chief Justice Shakkey
delivered the opinion of the court.
This action was brought on the official bond of the clerk of the circuit court of Madison county, for having improperly issued a writ of error and supersedeas on a judgment in favor of Moore, without requiring bond, with two sufficient sureties, as *648 by law he was bound to do. It is made the duty of the clerks of the circuit courts to issue such writs, as a matter of right, on the petition of any one who desires to have a judgment reviewed, to which he is a party, on the petitioner’s giving bond with two or more sufficient sureties, to be approved of by the clerk. H. & H. 541, § 60.
The condition of the clerk’s bond required “ that he should faithfully perform the duties of his office,” and the plaintiff, in assigning a breach, has averred that the defendant “ did not faithfully perform the duties of his office, but that he failed to do so in this,” &c.; and after reciting the recovery of the judgment by Moore, the issuance of an execution thereon, a levy by the sheriff on slaves sufficient to pay the debt, the petition for writs of error and supersedeas, and the grant of the same by the clerk through his deputy, and the discharge of the levy by the sheriff in obedience thereto, it concludes by averring that the clerk issued said writs by his deputy, “ without taking from the petitioners, the defendants in execution, a bond, with two or more good and sufficient sureties, approved by said clerk, conditioned in the manner prescribed by law, but through negligence omitted to take from said petitioners, the defendants in said execution, such bond and security, upon the issuance of said writ of supersedeas, as by law and the condition of said writing obligatory he as clerk as aforesaid was bound to do.” It then proceeds to aver the loss of the debt as a consequence.
The defence was placed on various grounds, by eight special pleas, to six of which the plaintiff replied, and demurred to two, the third and the sixth. On argument of the demurrer, it was extended back by the court to the plaintiff’s declaration, which was adjudged insufficient, and judgment rendered for the defendants. The objection to the declaration, as it has been argued here, is, that it does not contain good cause of action, and so it was probably considered by the court below, without regard to defects of form.. The question then is narrowed down to this : Is the clerk of the circuit court liable on his bond, for issuing a writ or error and a supersedeas, without taking from the defendant in the judgment, bond conditioned according to law, with two or more sufficient sureties'?
*649 In the progress to a correct conclusion, the inquiry first to be made is, does the taking of such bond constitute part of his official duty. The law is express, that on petition for a writ of error, it shall be the duty of the clerk to issue it if the sureties be good. He has no discretion in the matter. By the condition of his bond he is bound to perform faithfully the duties of his office. The duties of his office we must understand to embrace every act that the law requires him to perform in virtue of that office. All such are covered by the condition of his bond. As it is his duty to issue a writ of error, it must be performed in the manner and on the terms prescribed by law. He must require bond with two or more sufficient sureties. That also is an official duty. The law gives the party against whom the writ of error is prayed, the bond as an .indemnity, and it requires the clerk to see that the sureties are sufficient. He is to determine whether they are sufficient or not, and if he neglects this part of his duty, he must answer for it. We do not say that the law makes him guarantee the sufficiency of the sureties. If he should take bond and use a reasonable degree of caution in regard to the sufficiency of the sureties, he might probably be excused ; that is not now the question, and we do not mean to decide it in advance. He is charged with a total neglect in the discharge of this duty, and for such we think an action may be sustained on his bond. The law is, that the bond may be put in suit by any person injured, and a recovery may be had to the amount of the penalty. H. & H. 481, $ 5 ; Rev. Code, 103, § 10.
Several grounds have been taken in the argument against the liability of the clerk, which deserve some consideration. First, it is said, that the granting of a writ of error is a judicial act, which by the common law, and formerly by a statute of this state, was performed by a judge, and that by changing the officer who was to do the thing, the legislature did not change the character of the thing to be done. That as a judicial officer would not be liable, neither is the clerk, who being substituted for the judge, cannot be under greater responsibility. This argument seems to admit, that if the clerk acted as a ministerial *650 officer, he is liable, and we cannot think he acted in any other capacity. He had no judicial duty to perform. There is but a single point for him to determine, and that is a question of fact, not of law, to wit: are the sureties sufficient 1 No judicial discretion or judgment is to be exercised. As well might it be said that the sheriff acts as a judicial officer in taking a bail bond, or a forthcoming bond, and yet we know that these are always regarded as ministerial acts. See 2 Caines’s R. 108; Warne v. Varley, 5 D. & E. 448. As this was a ministerial act, the clerk was liable for the act of his deputy. By law the clerks may appoint deputies, but the deputy is responsible to the clerk alone, and the principal is liable to parties who may be injured by the acts of the deputy. The acts of the deputy are the acts of the principal.
It was also insisted that the erroneous conclusion of the clerk in regard to the sufficiency of the sureties is no breach of the bond. If this were even so, it is not an answer to the sufficiency of the declaration. The breach is, that the defendant did not take bond with two sufficient sureties. It may turn out that no bond was taken. At all events, we do not feel warranted by the state of the pleadings in deciding the breach to be ambiguous.
As to the objection that tho sheriff had made a sufficient levy which was not discharged by the supersedeas, that is not a proper inquiry in deciding on the sufficiency of the declaration.
The judgment must be reversed, and demurrer sustained to the pleas, and the cause remanded for further proceedings.