# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2006-CA-00902-SCT

*MISSISSIPPI ETHICS COMMISSION*

*v.*

*DENNIS C. GRISHAM*

| | |
|---|---|
| DATE OF JUDGMENT: | 04/27/2006 |
| TRIAL JUDGE: | HON. ANDREW K. HOWORTH |
| COURT FROM WHICH APPEALED: | TIPPAH COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | CHADWICK DALE MONTGOMERY |
| ATTORNEY FOR APPELLEE: | B. SEAN AKINS |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES |
| DISPOSITION: | AFFIRMED - 06/07/2007 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE WALLER, P.J., DICKINSON AND RANDOLPH, JJ.**

**RANDOLPH, JUSTICE, FOR THE COURT:**

¶1.     The bid of a construction company owned by a Tippah County Supervisor's step-son was accepted by the Tippah County Board of Supervisors ("Board"). Thereafter, the Mississippi Ethics Commission ("Commission") sought declaratory judgment arguing that step-children are "relative[s]" under Miss. Code Ann. § 25-4-105(1) which provides, in part, that "[n]o public servant shall use his official position to obtain pecuniary benefit . . . for *any relative* or any business with which he is associated." Miss. Code Ann. § 25-4-105(1) (Rev. 2006) (emphasis added). The Circuit Court of Tippah County, Mississippi, held that Miss. Code Ann. § 25-4-103(q) (Rev. 2006) specifically defines "relative" as "the spouse, child or

parent[,]" and, as such, does not extend to step-children. From that ruling, the Commission filed notice of appeal.

**FACTS**

¶2.     Dennis C. Grisham ("Grisham") owns Grisham Asphalt and Paving, Incorporated, and represents District 5 on the Board.[1] Grisham's step-son, Tommy Walter ("Walter"), has an ownership interest in W.G. Construction Company.[2]

¶3.     On July 7, 2003, the Board accepted the bid of W.G. Construction to provide hot mix asphalt to Tippah County for a one-year period. W.G. Construction's bid was the lowest, followed by APAC, Incorporated. Soon thereafter, the Commission issued a letter demanding that the Board cease and desist from doing business with W.G. Construction, because Walter was Grisham's step-son. On September 23, 2003, the Board rescinded the award to W.G. Construction and accepted the "alternative bid" of APAC, Incorporated. W.G. Construction then threatened to sue Tippah County.

¶4.     In June 2004, the Commission reached an agreement with Grisham whereby the Board was permitted to do business with W.G. Construction if Grisham agreed to abstain from voting in situations concerning the company. In compliance with that agreement, Grisham then "took certain actions relating to the purchase of hot mix asphalt from [W.G. Construction] which included ordering asphalt for his district,[3] executing purchase

---

[1]Grisham has represented District 5 since 1985.

[2]According to Grisham, W.G. Construction and Grisham Asphalt and Paving are "competitors."

[3]In his brief, Grisham states that "Tippah County . . . [then] operated under the beat system of county government whereby each county supervisor is responsible for road

2

requisitions, voting to approve such purchases and voting to approve payments." On July 15, 2004, the Board approved a motion to amend its September 23, 2003, minutes "to reflect that the rescission of the bid to [W.G. Construction] was conditional and that the minutes should have reflected that upon the resolution of the complaint by the [Commission], the bid would be reinstated without further action of the Board."

¶5. That fall, the Commission "received four complaints alleging that Grisham violated the [e]thics law because he ordered asphalt from his step-son's company." On December 2, 2005, the Commission filed a complaint "seek[ing] a [d]eclaratory [j]udgment in its favor finding that step-children are within the meaning of 'relative' as used in § 25-4-105(1) of the Mississippi Code of 1972 . . . ."[4] In response, Grisham filed both an answer and a counter-complaint. In his answer, Grisham attempted to:

> show that [he] and the [Board] reached a settlement which provided . . . that the [c]ounty should honor its acceptance of the bid of W.G. Construction so long as [Grisham] and his business . . . did not do any business with W.G. Construction. [Grisham] would affirmatively show that any purchase orders signed by him on behalf of the [c]ounty were purely administrative and clerical in nature as the [p]resident of the [Board] and that he derived no direct or indirect financial benefit from W.G. Construction upon the exercise of those functions of his position.

---

maintenance and construction."

[4]According to Grisham, "[b]efore the [Commission] filed any formal charges against [him], the parties agreed to seek a declaratory judgment from the [circuit court] to determine whether a potential violation existed."

3

In his counter-complaint, Grisham argued that the circuit court should "interpret Mississippi Code Ann. § 25-4-105(1) and § 25-4-103(q) [to] exclud[e] 'step-child' from [the] definition of a 'relative.'"[5]

¶6.　　Following a hearing, the circuit court found in favor of Grisham. Specifically, the memorandum opinion of Circuit Judge Howorth concluded that "Mississippi Code Ann. § 25-4-103(q) which defines a 'relative' as a 'spouse, child or parent' should be narrowly construed and does *not* include step-children." (Emphasis added). In so finding, the circuit court noted that:

> [t]he [l]egislature could have included any number of others: step-children, in-laws, ex-spouses, step-parents, brothers, sisters, aunts, uncles, cousins, half-siblings, etc. However, the [l]egislature was aware that this definition was an automatic, self-executing provision of the law whereby a conflict of interest was deemed to exist without further examination of the circumstances.

As such, Circuit Judge Howorth found that the legislature:

> chose not to include step-family within the realm of expressly prohibited transactions . . . when they easily could have done so. *The Court would be overreaching its judicial authority to arrive at such a conclusion today. This is properly the business of the [l]egislature*, which could have chosen to define 'relative' differently or more completely. Many other areas of statutory law do precisely that, by resorting to reference to degrees of kinship in accordance with civil law.[[6]]"

(Emphasis added). Thereafter, the Commission filed notice of appeal.

---

[5] In its answer to Grisham's counter-complaint, the Commission conceded that Miss. Code Ann. § 25-4-103(q) defines "relative" as "spouse, child, or parent." Miss. Code Ann. § 25-4-103(q) (Rev. 2006).

[6] Citing Miss. Code Ann. § 11-7-13 (Rev. 2004) and Miss. Code Ann. § 93-1-1 (Rev. 2004) as examples.

## ISSUES

¶7. This Court will, for the first time, consider:

(1) Whether "relative" as defined in Miss. Code Ann. § 25-4-103(q) includes step-children.

## STANDARD OF REVIEW

¶8. "This Court's review of a trial court's interpretation of a statute presents a question of law; we review questions of law de novo." *32 Pit Bulldogs v. County of Prentiss*, 808 So. 2d 971, 973 (Miss. 2002) (citing *Carrington v. Methodist Med. Ctr., Inc.*, 740 So. 2d 827, 829 (Miss. 1999)).

## ANALYSIS

**I. Whether "relative" as defined in Miss. Code Ann. § 25-4-103(q) includes step-children.**

¶9. In Miss. Code Ann. § 25-4-101:

[t]he legislature declares that elective and public office and employment is a *public trust* and any effort to realize personal gain through official conduct, other than as provided by law, or as a natural consequence of the employment or position, is a violation of that trust. Therefore, *public servants shall endeavor to pursue a course of conduct which will not raise suspicion among the public that they are likely to be engaged in acts that are in violation of this trust* and which will not reflect unfavorably upon the state and local governments.

Miss. Code Ann. § 25-4-101 (Rev. 2006) (emphasis added). Toward the end of effectuating that policy, the Commission was created, *see* Miss. Code Ann. § 25-4-5(1), to ensure:

that public officials and employees be *independent and impartial*; that governmental decisions and policy be made in the proper channels of the governmental structure; *that public office not be used for private gain other than the remuneration provided by law; that there be public confidence in the integrity of government*; and that public officials be assisted in determinations of conflict of interest.

5

Miss. Code Ann. § 25-4-1 (Rev. 2006) (emphasis added). In Miss. Code Ann. § 25-4-105(1), the legislature specifically mandated that "[n]o public servant shall use his official position to obtain pecuniary benefit for himself other than that compensation provided for by law, *or to obtain pecuniary benefit for any relative* or any business with which he is associated." Miss. Code Ann. § 25-4-105(1) (Rev. 2006) (emphasis added). Miss. Code Ann. § 25-4-103(q) defines "relative" as "the spouse, child or parent." Miss. Code Ann. § 25-4-103(q) (Rev. 2006).

¶10. The Commission contends that Miss. Code Ann. § 25-4-105(1) was violated in that Grisham "obtain[ed a] pecuniary benefit" for his step-son, Walter. In so arguing, the Commission concedes that the definition of "relative" provided by Miss. Code Ann. § 25-4-103(q) does not expressly include step-children.[7] Nonetheless, the Commission asserts "[a]ny interpretation [of Miss. Code Ann. § 25-4-103(q)] adopted by this Court must be consistent with the intent expressed in [Miss. Code Ann. §§ 25-4-1 and 25-4-101]." Furthermore, the Commission maintains that its advisory opinions have previously interpreted the term "child" to extend to step-children. *See* Ops. Miss. Ethics Comm. 05-113-E ("[t]he Commission considers a step-child to be a 'relative,' as defined in Section 25-4-103(q) . . . ."); 01-083-E ("this Commission has consistently held that for purposes of the conflict of interest laws the designation 'a child' encompasses a stepchild."). In total, the Commission argues that interpreting "child" so as to exclude step-children "would . . . create

---

[7]Specifically, the Commission states "[t]he common and ordinary meaning of 'child' is 'a son or daughter of human parents' or a 'descendent.' *Merriam-Webster's Collegiate Dictionary* (10th Ed. 2001). Strictly speaking, a step-child is not a son or daughter, or a descendent of a step-parent."

6

a nullity of the laws enacted for the protection of the public good in so far as any transactions relating to step-children and step-parents."

¶11.    Grisham responds that Miss. Code Ann. § 25-4-105(1) expressly "prohibit[s] two types of conduct: (1) conduct solely by virtue of a relationship and (2) conduct by virtue of a financial benefit or business relationship."  As the case sub judice involves (1), Grisham maintains that according to Miss. Code Ann. § 25-4-103(q), "[t]he elected official is barred from using his official position for the benefit of his 'spouse, child or parent' - period."  Grisham argues that "according to a clear, literal and unambiguous reading of the statute, the law forbids an elected official from using his official position to benefit himself, his spouse, child, parent or any business with which he is associated.  However, the [Commission] wants to read something into the statute that does not exist."  He asserts that the Commission "overstepped its authority by defining the term 'relative' in Miss. Code Ann. § 25-4-105(1) since the [l]egislature bothered to define it for them."  Stated otherwise, the Commission has redefined the term "relative" with a broader and more expansive definition than the legislature enacted.

¶12.    "When the language used by the legislature is *plain and unambiguous* . . . and where the statute conveys a *clear and definite meaning* . . . the Court will have *no* occasion to resort to the rules of *statutory interpretation*."  **Marx v. Broom**, 632 So. 2d 1315, 1318 (Miss. 1994) (citing **State v. Heard**, 246 Miss. 774, 151 So. 2d 417 (1963)) (emphasis added).  Instead, "[c]ourts have a duty to give statutes a practical application consistent with their wording, unless such application is inconsistent with the *obvious intent* of the legislature."  **Marx**, 632 So. 2d at 1318 (citing **Thornhill v. Ford**, 213 Miss. 49, 56 So. 2d 23 (1952))

7

(emphasis added).[8] While "we have accepted an obligation of deference to agency interpretation and practice in areas of administration by law committed to their responsibility[,] . . . *it has no material force where agency action is contrary to the statutory language*[.]" ***Gill v. Mississippi Dept. of Wildlife Conservation***, 574 So. 2d 586, 593 (Miss. 1990) (citations omitted) (emphasis added).

¶13.    This Court finds that the Commission erred by engaging in statutory construction of otherwise "plain and unambiguous" language. *See **Marx***, 632 So. 2d at 1318. The Commission's desire to preserve the public trust and to instill public confidence in the integrity of government, no matter how reasonable or magnanimous in intent and no matter how sensible and prudent in application, cannot negate the clear and unassailable definition mandated by the legislature in Miss. Code Ann. § 25-4-103(q). The Commission overreaches its authority when it acts "contrary to the statutory language," ***Gill***, 574 So. 2d at 593, which it did by expanding the definition of "relative" beyond that provided by Miss. Code Ann. § 25-4-103(q).

¶14.    As Circuit Judge Howorth opined, there are numerous relationships potentially closer than "spouse, child or parent," including "step-children, in-laws, ex-spouses, step-parents, brothers, sisters, aunts, uncles, cousins, [and] half-siblings." Nonetheless, it remains the legislature's prerogative to specifically limit the definition of "relative[,]"[9] whether that

---

[8] When statutory construction is applied, "all statutes *in pari materia* are taken into consideration and the legislative intent is deduced from the consideration as a whole." ***Williams v. Farmer***, 876 So. 2d 300, 303 (Miss. 2004) (quoting ***Wilbourn v. Hobson***, 608 So. 2d 1187, 1200 (Miss. 1992)).

[9] Elsewhere, the legislature has not so limited statutory coverage. *See* Miss. Code Ann. § 25-1-53 ("any person related by blood or marriage within the third degree, computed

decision is fallacious or sagacious. Circuit Judge Howorth astutely recognized the dilemma, stating:

> [t]here may be fair debate about whether [under] the legislative intent of the enabling legislation for [t]he [Commission], Mississippi Code Ann. [§] 25-4-105(1) is properly carried out by this Court's finding that a step-child does not fall within the meaning of the conflict of interest provisions. Further, this Court cannot say that the disputed transaction puts the [Board] on "a course of conduct which will not raise suspicion among the public that they are likely to be engaged in acts that are in violation of . . . [public] . . . trust." Mississippi Code Ann. § 25-4-1.[10] *However, the fact remains that the Mississippi Legislature chose not to include step-family within the realm of expressly prohibited transactions, when they easily could have done so. The Court would be overreaching its judicial authority to arrive at such a conclusion today. This is properly the business of the [l]egislature, which could have chose to define "relative" differently or more completely.*

---

by the rule of the civil law . . . ."); Miss. Code Ann. § 81-1-65 ("within the third degree computed according to the civil law . . . ."); Miss. Code Ann. § 37-43-17 ("any person related within the third degree by blood or marriage, as computed by civil law . . . ."); Miss. Code Ann. § 27-7-19 ("relations by blood or marriage (within the third degree computed according to the rules of the civil law) . . . ."); Miss. Code Ann. § 93-19-3 ("two of his adult kin within the third degree, computed according to the civil law . . . ."). Moreover, in other statutes the legislature has extended coverage to step-children. *See* Miss. Code Ann. § 11-7-13 ("[t]here shall not be, in any case, a distinction between the kindred of the whole and half blood of equal degree."); Miss. Code Ann. § 93-1-1(1) ("[t]he son shall not marry his . . . stepmother . . . the son shall not marry the daughter of his father begotten of his stepmother . . . and the like prohibitions shall extend to females in the same degrees.").

[10]For example, *see* **Hinds Community College v. Muse**, 725 So. 2d 207, 211 (Miss. 1998) ("the injury is to the public's perception of Hinds Community College, its administration and its faculty. By employing his wife, Dr. Muse presented an appearance of improper self-dealing. He appeared to use his public office to obtain pecuniary benefit for himself and his wife."). Note, however, that **Muse** is distinguishable in that Dr. Muse had clearly violated Miss. Code Ann. § 25-4-105(1) by obtaining the pecuniary benefit for his wife and, thereby, himself. *See id*. at 210.

(Emphasis added).[11] While the Commission should be lauded for challenging the propriety of this contract, our decision is strictly limited to whether the definition of "relative" provided by Miss. Code Ann. § 25-4-103(q) includes step-children. This Court cannot ignore the plain statutory definition of "relative" provided by Miss. Code Ann. § 25-4-103(q). *See Gannett River States Publishing Co. v. Entergy Mississippi, Inc.*, 940 So. 2d 221, 224 (Miss. 2006). The power to change this result lies with the legislature to amend the statute. The privilege to amend a statute, not constitutionally infirm, does not rest with this Court.

## CONCLUSION

¶15.   Accordingly, this Court affirms the final judgment of the Circuit Court of Tippah County, finding the definition of "relative" provided by Miss. Code Ann. § 25-4-103(q) is plain and unambiguous, and does not include step-children.

¶16.   **AFFIRMED**.

   **SMITH, C.J., WALLER AND DIAZ, P.JJ., EASLEY, CARLSON, GRAVES, DICKINSON AND LAMAR, JJ., CONCUR.**

---

[11]As Grisham states "[o]nly the [l]egislature can determine where to draw the lines and the [l]egislature clearly and unambiguously determined that the only degree of relationships which were specifically forbidden were the elected official's 'spouse, child or parent.'"