# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2018-CC-00462-SCT

*NISSAN NORTH AMERICA, INC.*

*v.*

*ANN C. TILLMAN AND GREAT RIVER NISSAN,*
*LLC d/b/a GREAT RIVER NISSAN*

| | |
|---|---|
| DATE OF JUDGMENT: | 03/19/2018 |
| TRIAL JUDGE: | HON. E. VINCENT DAVIS |
| TRIAL COURT ATTORNEYS: | GLENN GATES TAYLOR |
| | CHRISTY M. SPARKS |
| | R. KENT HUDSON |
| | CHRISTOPHER C. GENOVESE |
| | S. KEITH HUTTO |
| | JASON H. STRONG |
| COURT FROM WHICH APPEALED: | ADAMS COUNTY CHANCERY COURT |
| ATTORNEYS FOR APPELLANT: | JASON H. STRONG |
| | S. KEITH HUTTO |
| | CHRISTOPHER C. GENOVESE |
| ATTORNEYS FOR APPELLEES: | GLENN GATES TAYLOR |
| | CHRISTY M. SPARKS |
| | R. KENT HUDSON |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | AFFIRMED - 06/06/2019 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE KING, P.J., COLEMAN AND BEAM, JJ.**

**COLEMAN, JUSTICE, FOR THE COURT:**

¶1. The present appeal involves a dispute between an automobile manufacturer and a dealership. The Court must determine whether the dealer timely filed a complaint under Mississippi Code Section 63-17-73(1)(d)(iii) after the dealer received the manufacturer's

notice that it would terminate the applicable dealership agreement. In determining timeliness, the Court must decide whether the statute's phrase "within the sixty-day notice period" refers to the sixty days following a dealer's receipt of its notice of termination or the sixty days within the effective date of termination.

## STATEMENT OF THE CASE

¶2. The parties agree that Section 63-17-73(1)(d)(iii) requires an automobile manufacturer seeking to terminate a dealership agreement to provide a notice of termination to its dealer at least sixty days before the effective date of termination. The parties also agree that Section 63-17-73(1)(d)(iii) provides a dealer an opportunity to challenge a notice of termination by filing a verified complaint with the Mississippi Motor Vehicle Commission. The parties dispute, however, the period of time in which a dealer is required to file a complaint under Section 63-17-73(1)(d)(iii) challenging the notice of termination. Section 63-17-73(1)(d)(iii) provides that

> It is unlawful and a misdemeanor:
>
> . . . .
>
> (d) For a manufacturer, a distributor, a wholesaler, a distributor branch or division, a factory branch or division, or a wholesaler branch or division, or officer, agent or other representative thereof:
>
>> (iii) To terminate or cancel the franchise or selling agreement of any dealer without due cause. The nonrenewal of a franchise or selling agreement, without due cause, shall constitute an unfair termination or cancellation, regardless of the terms or provisions of such franchise or selling agreement. "Due cause" shall be defined as a breach by the dealer of a material provision of the franchise agreement which breach has not been cured within a reasonable time after the dealer has been given written notice of

2

the breach. The burden of proving that due cause exists shall be upon the party attempting to terminate, cancel or not renew the franchise or selling agreement. The manufacturer, distributor, wholesaler, distributor branch or division, factory branch or division, or wholesaler branch or division, or officer, agent or other representative thereof shall notify a motor vehicle dealer in writing, and forward a copy of the notice to the commission, *of the termination or cancellation of the franchise or selling agreement of the dealer at least sixty (60) days before the effective date thereof*, stating the specific grounds for such termination or cancellation. The manufacturer, distributor, wholesaler, distributor branch or division, factory branch or division, or wholesaler branch or division, or officer, agent or other representative thereof shall notify a motor vehicle dealer in writing, and forward a copy of the notice to the commission, *at least sixty (60) days before the contractual term of his franchise or selling agreement expires that the franchise or selling agreement will not be renewed*, stating the specific grounds for the nonrenewal, in those cases where there is no intention to renew the franchise or selling agreement. In no event shall the contractual term of any franchise or selling agreement expire, without the written consent of the motor vehicle dealer involved, *prior to the expiration of at least sixty (60) days following such written notice*. Any motor vehicle dealer who receives written notice that his franchise or selling agreement is *being terminated* or cancelled or who receives written notice that his franchise or selling agreement will not be renewed, may, *within the sixty-day notice period*, file with the commission a verified complaint for its determination as to whether the termination or cancellation or nonrenewal is unfair within the purview of the Mississippi Motor Vehicle Commission Law, and the franchise agreement shall continue in effect until final determination of the issues raised in the complaint notwithstanding anything to the contrary contained in the law or in the franchise or selling agreement.

Miss. Code. Ann. § 63-17-73(1)(d)(iii) (Supp. 2018) (emphasis added).

## **FACTS AND PROCEDURAL HISTORY**

¶3.    Ann C. Tillman is the principal owner of Great River Nissan,[1] a locally owned and operated Nissan dealership in Natchez, Mississippi.  On November 23, 2016, Nissan North America, Inc., notified Great River that it would terminate its dealership agreement with Great River based on unsatisfactory sales, among other reasons.  Although at least sixty days' notice is required before the effective date of termination under Section 63-17-73(1)(d)(iii), Nissan and Great River's dealership agreement required at least ninety days' notice.  Accordingly, Nissan advised Great River that the dealership agreement would be terminated effective ninety days from the date of Great River's receipt of the notice; therefore, the effective date of termination was set for February 21, 2017.

¶4.    On February 17, 2017, Great River challenged the notice of termination by filing a verified complaint with the Commission under Section 63-17-73(1)(d)(iii).  Nissan filed a motion to dismiss the complaint as untimely, claiming that the deadline to file the complaint with the Commission was within sixty days after Great River had received the notice of termination, not within sixty days of the effective date of the termination.  Great River responded, arguing that its complaint was timely because it had been filed within sixty days before the effective date of termination.

¶5.    The Commission held a hearing on the matter.  The Commission found that Great River had received a notice of termination letter on November 23, 2016, and that Great River filed its complaint on February 17, 2017.  The Commission found that Great River had "filed

---

[1]  The Court will refer to the Appellees collectively as Great River.

its [v]erified [c]omplaint outside the statutory window of sixty (60) days to file a verified complaint with the Commission" and dismissed Great River's complaint.

¶6. Great River appealed to the chancery court under Mississippi Code Section 63-17-99 (Rev. 2013). The chancery court, sitting as an appellate court, held oral argument and accepted briefs from the parties. The chancery court reversed the Commission's decision, finding that the Commission had incorrectly interpreted the statute. The chancery court wrote that it had been "presented with a narrow question of law: does the statutory language 'within the sixty-day notice period' refer to the earlier language in the statute that states that the minimum statutory notice period for termination is 'sixty (60) days before the effective date' of the termination, or does it mean sixty days after a dealer receives a notice of termination[?]"

¶7. The chancery court found that "the language 'within the sixty-day notice period' means, refers and was intended by the Legislature to refer to the sixty-day period before the effective date of the threatened termination." The chancery court found that the statute was unambiguous and that "the best reading of the statute is that a dealer may file a complaint within the sixty-day period before the effective date of the threatened termination of the dealership agreement."

¶8. The chancery court explained,

> Sixty days before the effective date of termination is the only clearly stated and time-certain period that the Legislature used in the termination provisions of the statute. The best reading of the language in context is that the filing deadline the Legislature had in mind and intended was the sixty-day period prior to the effective date of the threatened termination.

Therefore, the chancery court found that "Great River timely filed its verified complaint with the Commission within the sixty days before the date of termination." In the alternative, the chancery court found that even were the statute ambiguous, it should be construed in favor of Great River to fulfill legislative intent. The chancery court remanded the case to the Commission for a determination on the merits of whether Nissan had due cause to terminate the dealership agreement with Great River.

¶9. Nissan appeals, framing the sole issue before the Court as follows:

> Mississippi law requires a motor vehicle manufacturer to provide a notice of termination to its dealer "at least sixty (60) days before" the effective date of termination, and permits the dealer to challenge the termination by filing a Complaint "within the sixty-day notice period." The Mississippi Motor Vehicle Commission found that [Great River's] Complaint, filed eighty-six days after receiving a notice of termination, was untimely[] and dismissed it. Did the Chancery Court err by determining that [Great River's] Complaint was timely and reversing the Commission's decision?

¶10. Great River frames the issue as follows:

> The issue before the Court is whether the phrase "within the sixty-day notice period" refers to the earlier language in the statute that states that the minimum statutory notice period for termination is "sixty (60) days before the effective date" of the termination, or does it mean sixty (60) days after a dealer's receipt of a notice of termination[?]

## STANDARD OF REVIEW

¶11. An administrative agency's interpretation of a statute governing the agency's operation is a matter of law subject to *de novo* review. **King v. Miss. Military Dep't**, 245 So. 3d 404, 407-08 (¶¶ 8-13) (Miss. 2018).

## ANALYSIS

6

**Whether Great River's complaint was timely under Mississippi Code Section 63-17-73(1)(d)(iii).**

¶12.    Section 63-17-73 was enacted, in part, to regulate certain conduct in the motor vehicle distribution industry, including the termination of a dealership agreement between a manufacturer and dealer.  Section 63-17-73 imposes a notice obligation on a manufacturer seeking to terminate a dealership agreement, and it creates an administrative avenue for a dealer to seek recourse from the Commission upon receipt of a notice of termination.

¶13.    Nissan advances two chief arguments in support of its assignment of error. First, Nissan argues that the Commission correctly interpreted and applied the unambiguous language of the statute.  Second, and in the alternative, Nissan argues that even if the statute is ambiguous, the Commission's interpretation is the best reading of the law.

¶14.    "When a statute is unambiguous and conveys a clear and definite meaning, th[e] Court follows its plain terms." *Lutz Homes, Inc. v. Weston*, 19 So. 3d 60, 62 (¶ 9) (Miss. 2009) (citing *Nat'l Union Fire Ins. Co. v. Miss. Ins. Guar. Ass'n*, 990 So. 2d 174, 180 (¶ 21) (Miss. 2008)).  "Th[e] Court resorts to the canons of statutory interpretation only where a statute is ambiguous or silent on a specific issue." *Id.* (citing *Nat'l Union Fire Ins. Co.*, 990 So. 2d at 180 (¶ 21)).  Stated differently, "[w]hen the language used by the legislature is plain and unambiguous . . . and where the statute conveys a clear and definite meaning . . . the Court will have no occasion to resort to the rules of statutory interpretation." *Miss. State & Sch. Emps.' Life & Health Plan v. KCC, Inc.*, 108 So. 3d 932, 936 (¶ 10) (Miss. 2013) (alterations omitted) (quoting *Miss. Ethics Comm'n v. Grisham*, 957 So. 2d 997, 1001 (¶ 12) (Miss. 2007)).

¶15. "Courts have a duty to give statutes a practical application consistent with their wording, unless such application is inconsistent with the obvious intent of the legislature." *Id.* (quoting *Grisham*, 957 So. 2d at 1001 (¶ 12)). "Whether the statute is ambiguous, or not, the ultimate goal of this Court in interpreting a statute is to discern and give effect to the legislative intent." *Wayne Cty. Sch. Dist. v. Morgan*, 224 So. 3d 539, 542 (¶ 8) (Miss. 2017) (quoting *Miss. Dep't of Transp. v. Allred*, 928 So. 2d 152, 154 (¶ 12) (Miss. 2006)).

¶16. While Nissan and Great River contend that the statute is plain and unambiguous, each contends that the opposing party's interpretation is contrary to the plain and unambiguous meaning of the statute. Nissan urges the Court to focus on the word notice in the phrase "the sixty-day *notice* period." (Emphasis added.) By focusing on the word notice, Nissan suggests that the sixty day time period in the statute consists of the sixty days immediately following notice. We disagree.

¶17. The statute plainly provides that the dealer may file a verified complaint "within the sixty-day notice period." Miss. Code Ann. § 63-17-73(1)(d)(iii). The only defined sixty day notice period involving the *termination* of a dealership agreement is the minimum sixty days preceding the proposed termination date. The sixty day notice period is plainly tethered to the effective date of termination, not the date the dealer receives notice. Thus, "*the* sixty-day notice period" must mean the sixty days preceding the effective termination date. (Emphasis added.) We agree with Great River and the chancery court that the sixty day notice period refers to the sixty days prior to the effective termination date, not the sixty days immediately following the receipt of the notice of termination.

¶18. In the same statute at issue, the Legislature used the following language:

> *Upon receipt of written notification, a motor vehicle dealer shall have sixty (60) days to file a protest with the commission*, and the manufacturer shall demonstrate to the commission the need for the demand in view of the need to service the public and the economic conditions existing in the motor vehicle industry and the market area served by the motor vehicle dealer at the time the action would be required of the motor vehicle dealer.

Miss. Code. Ann. § 63-17-73(1)(d)(ix) (Supp. 2018) (emphasis added). Certainly, the Legislature was capable of tying "the sixty-day notice period" to the receipt of written notice as evidenced by the language used in a different subsection of the same statute. Instead, the Legislature chose to tie "the sixty-day notice period" to the effective date of termination.

¶19. We conclude that the statute is unambiguous, and its plain meaning provides that a dealer may file its verified complaint within *the* sixty day notice period, *i.e.*, the sixty days preceding the effective date of termination. Because the statute is unambiguous and conveys a clear and definite meaning, resorting to the rules of statutory construction is not necessary. Accordingly, Great River's complaint was timely filed within the sixty days immediately preceding the effective date of termination. We thus affirm the chancery court's judgment remanding the case for further proceedings with the Commission.

¶20. **AFFIRMED.**

**RANDOLPH, C.J., KITCHENS AND KING, P.JJ., BEAM, CHAMBERLIN AND ISHEE, JJ., CONCUR. GRIFFIS, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY MAXWELL, J.**

**GRIFFIS, JUSTICE, DISSENTING:**

9

¶21.    This case turns on the interpretation of the phrase "within the sixty-day notice period." The majority reads this language as "tethered to the effective date of termination, not the date the dealer receives notice." (Maj. Op. ¶ 17). I disagree.

¶22.    Two provisions of Mississippi Code Section 63-17-73(1)(d)(iii) govern this case. First, Section 63-17-73(1)(d)(iii) requires that a manufacturer give a dealer notice of termination "at least sixty (60) days before the effective date thereof . . . ." Miss. Code Ann. § 63-17-73(1)(d)(iii) (Supp. 2018). Nissan notified Great River in writing of its intent to terminate the dealer agreement at least sixty days before the effective date of the termination and sent a copy of the notice to the Commission. Nissan stated the specific grounds for such termination. Nissan complied with the notice requirement of the Section 63-17-73(1)(d)(iii).

¶23.    Second, Great River's receipt of the notice to terminate gave Great River a statutory right to challenge the termination. Section 63-17-73(1)(d)(iii) reads,

> Any motor vehicle dealer who receives written notice that his franchise . . . is being terminated . . . [Great River], may, *within the sixty-day notice period*, file with the commission a verified complaint for its determination as to whether the termination . . . is unfair within the purview of the Mississippi Motor Vehicle Commission Law, and *the franchise agreement shall continue in effect until final determination of the issues raised in the complaint* notwithstanding anything to the contrary contained in the law or in the franchise or selling agreement.

*Id.* (emphasis added). The question here is how do we interpret (i.e., calculate) the phrase "within the sixty-day notice period."

¶24.    In my opinion, we must consider the language used in construing what is meant by "sixty-day notice period." It clearly contemplates "notice." The first part of Section 63-17-73(1)(d)(iii) quoted above requires a manufacturer to give a dealer notice of

10

termination "at least sixty (60) days before the effective date of the termination." This clearly contemplates that a dealer may give more than sixty days' notice, as Nissan did here. More importantly, the operative event is the giving of "written notice," which starts the count down before the finality of the termination.

¶25. The second part of Section 63-17-73(1)(d)(iii) quoted above established the period within which the challenge must be filed. Great River "may, within the sixty-day notice period, file with the commission a verified complaint." Great River's statutory right to challenge the termination accrued and began to run when notice was given. Just as we interpret a limitations period, it is the notice that set in motion the right to challenge.

¶26. Section 63-17-73(1)(d)(iii) created a statutory dispute-resolution procedure that Great River may initiate upon the receipt of notice of Nissan's intent to terminate.[2] During the pendency of the dispute, the statute mandates that "the franchise agreement shall continue in effect until final determination of the issues raised in the complaint . . . ." *Id.* In my opinion, this contemplates a timely resolution of the dispute.

¶27. The majority's reasoning would defeat the timely resolution of the dispute; instead, it would encourage unfair manipulation and unreasonable delay. For example, under the majority's interpretation, a dealer who disputes the termination could, and should, wait until the day before the intended termination to file the complaint and automatically extend the dealer agreement. A commercially reasonable interpretation would require the parties to

---

[2] There is no dispute that Nissan had the right to terminate the Dealer Agreement. The only question to be resolved by the Commission is "whether the termination . . . is unfair within the purview of the Mississippi Motor Vehicle Commission Law." Miss. Code Ann. § 63-17-73(1)(d)(iii).

11

challenge the termination as soon as possible and to allow the Commission adequate time to resolve the dispute so that, if it is proper, the termination may be effective on the intended date of termination.

¶28. Consider a scenario in which Nissan had provided twelve months' notice of termination. Under the majority's interpretation, Great River would have to wait until the eleventh month to file the complaint with the Commission, or it could file the day before the effective date. Great River would then be able to extend the contract without reason. The majority's interpretation would essentially ensure that the dispute was not resolved in a timely or commercially reasonable manner. Under my interpretation, Great River would have sixty days from the date of notice, leaving the Commission a minimum of ten months to consider whether the termination was fair under the law.

¶29. I am of the opinion that the Commission properly determined that Great River's right to file a complaint accrued upon its receipt of the notice of termination and that Great River's deadline to file a complaint ran sixty days from that date. Accordingly, I would reverse the chancellor's judgment and reinstate the Commission's decision. Therefore, I respectfully dissent.

**MAXWELL, J., JOINS THIS OPINION.**