# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2024-CA-00989-COA

**STEPHANIE BARNES, INDIVIDUALLY AND ON BEHALF OF ALL THE WRONGFUL DEATH BENEFICIARIES, AND HEIRS OF LAW OF DEMARCUS BROWN, DECEASED**

**APPELLANT**

**v.**

**THE CITY OF McCOMB, MISSISSIPPI AND THE CITY OF McCOMB POLICE DEPARTMENT**

**APPELLEES**

DATE OF JUDGMENT: 08/19/2024
TRIAL JUDGE: HON. MICHAEL M. TAYLOR
COURT FROM WHICH APPEALED: PIKE COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT: TERRIS CATON HARRIS
ATTORNEYS FOR APPELLEES: L. CLARK HICKS JR.
R. LANE DOSSETT
NATURE OF THE CASE: CIVIL - WRONGFUL DEATH
DISPOSITION: AFFIRMED - 03/17/2026
MOTION FOR REHEARING FILED:

**BEFORE CARLTON, P.J., LAWRENCE AND LASSITTER ST. PÉ, JJ.**

**LAWRENCE, J., FOR THE COURT:**

¶1. On June 12, 2020, Stephanie Barnes, individually, and on behalf of wrongful death beneficiaries of Demarcus Brown, deceased, filed a complaint against the City of McComb, Mississippi, the City of McComb Police Department, and John Does 1-8 alleging wrongful death, negligence, gross negligence, and reckless disregard for the rights and safety of Brown. After finding that Barnes failed to properly serve the City with pre-suit notice, as required by the Mississippi Tort Claims Act (MTCA), the trial court granted the motion and dismissed Barnes' complaint. On appeal, Barnes alleges that "service of [the] notice of claim

letter upon a deputy clerk [was] sufficient service under the Mississippi Tort[] Claims Act." After reviewing the facts and law, we find the service of process was not sufficient and affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2.    On August 8, 2019, the City of McComb Police Department officers responded to a shooting. At the scene, the officers found Brown lying on the ground with a gunshot wound. The officers handcuffed Brown and did not administer aid to his wound. Brown was later taken to a hospital where he died from his injury. On June 12, 2020, Brown's mother, Barnes, filed a claim against the City of McComb and the City of McComb Police Department (collectively, McComb). She claimed that the police failed to provide life-saving measures and prevented paramedics from entering the scene, leading to Brown's death.

¶3.    On August 13, 2020, Deputy City Clerk Nacole Garner was served with the complaint and summons. McComb failed to timely answer or otherwise defend Barnes' complaint. On September 22, 2020, Barnes filed her application for a clerk's entry of default against the defendants, and the trial clerk docketed an entry of default against McComb. The next day, September 23, 2020, Barnes filed her motion for default judgment. On October 1, 2020, Barnes set the default judgment motion for a hearing and sent a notice of hearing to the defendants, which contained a certificate of service to the defendants. The hearing was held on October 14, 2020, and after hearing Barnes' counsel's argument and reviewing the record, the trial court granted Barnes' motion for default judgment and scheduled a hearing on damages. On October 16, 2020, Barnes' filed a notice of hearing on damages to take place

2

on November 5, 2020.

¶4. At the damages hearing, Barnes was the first witness to testify. Barnes testified that her thirty-three-year-old son, Demarcus Brown, died and that his cause of death was "multiple gunshot wounds, respiratory arrest, and exsanguination." Barnes explained that the McComb police arrived at the scene, but Brown "laid there for [a] long period[] of time on the ground with . . . nobody doing [any]thing to . . . save his life." The trial court entered an order granting a default judgment against the defendants and granting an award of damages to Barnes.

¶5. Several writs of garnishments were issued in order for Barnes to collect the damages. On March 22, 2021, McComb moved to set aside the judgment for two reasons. First, Barnes "failed to strictly comply with the notice requirement of the Mississippi Tort[] Claim Act . . . [and] are statutorily barred from maintaining th[e] action against the City." Second, the motion should be "decided on the merits." In its motion, McComb attached Mayor Quordiniah Lockley's affidavit as an exhibit. Mayor Lockley's affidavit explained that he "never received a copy" of the notice of hearing for default judgment and that "neither [he] nor anyone else in [his] office . . . was aware that a default judgment had been entered or that a default judgment hearing was taking place on November 5, 2020." He also stated, "The claimants did send a copy of the notice of claim to [him], which [he] sent to Dirkland Smith, the city administrator at the time. Dirkland Smith emailed the notice of claim to the City's insurance carrier and then sent the notice of claim to the city clerk."

¶6. A hearing for the motion to vacate the default judgment was set for April 19, 2021.

At the hearing, Nacole Garner was the first witness to testify. Garner was the deputy city clerk on the date the notice of claim was mailed to McComb. She explained that her signature was on the certified mail receipt for the notice of claim letter, but she did not "recall" receiving a copy of the letter because she was "not sure what was in the envelope." The notice of claim was addressed to McComb's Mayor, Quordiniah Lockley, McComb City Administrator Dirkland Smith, and Selectman at Large Donovan Hill.

¶7.     Garner also testified that "someone stopped by City Hall several times asking for the mayor to deliver paperwork." She explained that person served her with the complaint and summons, and she "stamped received, the date[] and . . . wrote [her] initials and the time that [she] received it." She then "took it upstairs to the mayor's office and handed it to Mayor Quordiniah Lockley," and the next day she emailed the papers to [City] Attorney Angela Cockerham. Garner testified that Mayor Lockley did not ask Garner to send a copy of the summons and complaint to the City's insurance company.

¶8.     Mayor Quordiniah Lockley was the next witness to testify. He testified that he and City Attorney Cockerham were aware that the complaint and summons was served on the City. However, he testified that once he received the complaint, he instructed the city clerk to send the complaint to the insurance carrier because "the city clerk's office is responsible for that." Mayor Lockley stated that Servia Fortenberry was the city clerk and that Nacole Garner was the deputy city clerk at the time the summons and complaint was served.

¶9.     After considering the briefing and arguments of counsel, the trial court found that the "service of the notice of claim upon the City of McComb was improper under the Mississippi

Tort Claims Act in that the notice of claim was not served upon the city clerk as required." Accordingly, the court vacated the default judgment.

¶10. On May 18, 2021, McComb answered Barnes' complaint with a Mississippi Rule of Civil Procedure 12(b)(6) motion to dismiss "due to the failure of the Plaintiffs to strictly comply with the pre-suit notice requirements of the Mississippi Tort Claims Act. Miss. Code Ann. § 11-46-11," which constrains service of a notice of claim to the city clerk. A hearing was held on November 29, 2021. The trial court found that "a notice of claim was not served upon the City of McComb city clerk" pursuant to Mississippi Code Annotated section 11-46-11(2)(a)(i)(2) (Rev. 2019). Rather, it was served on the deputy city clerk. Accordingly, the court granted McComb's motion to vacate and set aside the default judgment and dismissed all claims against the City of McComb and the City of McComb Police Department. Aggrieved, Barnes appeals.

## STANDARD OF REVIEW

¶11. "When considering a motion to dismiss, this Court's standard of review is de novo." *Dobbs v. City of Columbus*, 285 So. 3d 1219, 1222 (¶7) (Miss. Ct. App. 2019) (quoting *Scaggs v. GPCH-GP Inc.*, 931 So. 2d 1274, 1275 (¶6) (Miss. 2006)). "This Court will not disturb the findings of the trial court unless they are manifestly wrong, clearly erroneous or an erroneous legal standard was applied." *Id.* We also review questions of law, including statutory interpretation and the proper application of the MTCA, de novo. *Id.* (citing *Arceo v. Tolliver*, 19 So. 3d 67, 70 (¶9) (Miss. 2009); *Fairley v. George County*, 871 So. 2d 713, 716 (¶7) (Miss. 2004)).

5

**ANALYSIS**

¶12. Barnes argues that the service of the notice of claim letter upon Deputy City Clerk Garner was sufficient service under the Mississippi Tort Claims Act. Mississippi Code Annotated section 11-46-11(2)(a) states, "Service of notice of claim **shall** be made as follows: . . . If the governmental entity is a municipality, then upon the city clerk." (Emphasis added). "The Legislature's statutory use of the term 'shall' connotes a mandatory requirement." *Tallahatchie General Hospital v. Howe*, 49 So. 3d 86, 92 (¶17) (Miss. 2010) (citing *Weiner v. Meredith*, 943 So. 2d 692, 694 (¶8) (Miss. 2006)). Thus, the Mississippi Supreme Court "enforced a strict compliance standard regarding the proper recipients of the statutory notice of claim required by the MTCA." *Dobbs*, 285 So. 3d at 1223 (¶10) (citing *Tallahatchie Gen. Hosp.*, 49 So. 3d at 92 (¶17)). Furthermore, the Mississippi Supreme Court has enforced this strict-compliance instruction because of the "constitutional mandate to faithfully apply the provisions of constitutionally enacted legislation." *Id.* (quoting *Univ. of Miss. Med. Ctr. v. Easterling*, 928 So. 2d 815, 820 (¶23) (Miss. 2006)). "It would set a dangerous precedent if this Court were to ignore specific statutory requirements for notice." *Tallahatchie Gen. Hosp.*, 49 So. 3d at 92 (¶17) (quoting *Reaves v. Randall*, 729 So. 2d 1237, 1240 (¶8) (Miss. 1998)).

¶13. A case illustrating that the Mississippi Tort Claims Act requires strict compliance with its service of process is *Dobbs*, 285 So. 3d at 1222 (¶10). In that case, Dobbs did not serve her notice of claim on the city's mayor or the city clerk. *Id.* However, she served the city's chief operations officer (COO). *Id.* On appeal, this Court held that the circuit court properly

6

dismissed the action because pre-suit notice of a claim on the city's COO was insufficient and explained that "service of the notice of claim upon the city clerk is a mandatory requirement, and **substantial compliance is not enough.**" *Id.* at 1223 (¶12) (emphasis added). Furthermore, the Mississippi Supreme Court has held "strict compliance is . . . the standard 'in regard to whom the notice is sent.'" *Univ. of Miss. Med. Ctr. v. Aycock*, 369 So. 3d 534, 540 (¶20) (Miss. 2023) (citing *Howe*, 49 So. 3d at 91-92 (¶17)).

¶14.    Here, Barnes did not serve the McComb city clerk. Barnes addressed the service of process to McComb's Mayor Quordiniah Lockley's office, McComb City Administrator Dirkland Smith, and Selectman at Large Donovan Hill. Although Deputy City Clerk Garner did not "recall" whether she was served with the notice, her signature was on the certified mail receipt. Thus, the notice was not served upon the city clerk, and Barnes did not "strictly comply" with the MTCA's service of process requirements. This Court must follow supreme court precedent and cannot change the strict compliance requirements of service of process to substantial compliance.[1] *Howe*, 49 So. 3d at 91-92 (¶17); *Bevis v. Linkous Const. Co.*, 856 So. 2d 535, 541 (¶18) (Miss. Ct. App. 2003). Allowing a deputy city clerk to sign for service

---

[1] The dissent directs us not to "forfeit our common sense" in deciding this case. Dis. Op. at ¶22.  This opinion is not decided by common sense alone, but by following clear precedent of the supreme court.  While the deputy clerk is indeed an agent of the city, so too was the city's chief operations officer in *Dobbs* who received the service of process. *Dobbs*, 285 So. 3d at 1222 (¶10). Regardless, the supreme court deemed service in *Dobbs* insufficient. *Id.* The supreme court can alter or modify its present precedent to allow for substantial compliance. But we cannot. We are required to follow supreme court precedent until modified by the supreme court, not this Court. *Cahn v. Copac Inc*, 198 So. 3d 347, 358 (Miss. Ct. App. 2015) ("However, this Court does not have the authority to overrule or ignore supreme court precedent."); *Evans v. State*, 282 So. 3d 659, 663 (¶14) (Miss. Ct. App. 2019) (quoting *Thompson v. State*, 230 So. 3d 1044, 1055 (¶36) (Miss. Ct. App. 2017)).

of process despite the statute stating "city clerk" would be reducing the standard of strict compliance decided by the supreme court to substantial compliance. The Supreme Court has specifically rejected substantial compliance as the standard. *Dobbs*, 285 So. 3d at 1223 (¶12). Therefore, we must affirm the trial court's order granting the dismissal.

## CONCLUSION

¶15.    Because Barnes failed to comply with the MTCA's pre-suit notice requirements, we affirm the circuit court's order dismissing her complaint.

¶16.    **AFFIRMED.**

**BARNES, C.J., CARLTON, P.J., WEDDLE AND LASSITTER ST. PÉ, JJ., CONCUR. WILSON, P.J., WESTBROOKS, McDONALD AND EMFINGER, JJ., DISSENT WITHOUT SEPARATE WRITTEN OPINION. McCARTY, J., DISSENTS WITH SEPARATE WRITTEN OPINION, JOINED BY WESTBROOKS, McDONALD AND EMFINGER, JJ.; WILSON, P.J., JOINS IN PART.**

**McCARTY, J., DISSENTING:**

¶17.    State law required Stephanie Barnes to serve the city clerk of McComb with pre-suit notice before she filed a complaint for her son's death.  Even though the deputy city clerk accepted service, the trial court dismissed the lawsuit.  Because the deputy city clerk was statutorily vested with the same authority as the city clerk, and pre-suit notice was timely received by that office via certified mail, we should find that the requirements of the MTCA were met.

¶18.    "[P]rior to filing a lawsuit against the State, the Legislature has mandated 'that at least ninety (90) days before instituting suit, the person must file a notice of claim with the chief executive officer of the governmental entity.'" *Lowe v. Wall Doxey State Park*, 395 So. 3d

8

420, 422 (¶12) (Miss. Ct. App. 2024) (quoting Miss. Code Ann. § 11-46-11(1) (Rev. 2019)). The MTCA explicitly instructs to whom service should be made, the manner in which service is to occur, and what the notice to be served should entail:

> (a) Service of notice of claim shall be made as follows:
> (i) For local governments . . . . If the governmental entity is a municipality, then upon the city clerk.
> . . . .
> (b) Every notice of claim shall:
> . . . .
> (ii) Be delivered in person or by registered or certified United States mail[.]

Miss. Code Ann. § 11-46-11(2).

¶19. So, the first step of the MTCA's pre-suit notice requirement is to determine the proper governmental entity to serve. *Lowe*, 395 So. 3d at 423 (¶13). Barnes' complaint lists the defendants as: "The City of McComb, Mississippi and The City of McComb Police Department." Since the claims are against a municipality, "[s]ervice of notice of claim shall be made . . . upon the city clerk." Miss. Code Ann. § 11-46-11(2)(a)(i).

¶20. Here, the deputy city clerk signed for service of process.[2] Yet, the lead opinion's approach seems to find that service on a deputy does not comply with state law. While it is correct that our Supreme Court requires strict compliance with the statute, the lead opinion fails to recognize that there is no meaningful distinction between the city clerk and its deputy.

---

[2] While not included in the lead opinion, it is important to note that the record shows: (1) pre-suit notice was sent via certified mail on September 16, 2019, to the attention of the mayor at City Hall's address; (2) this notice was then received and signed for on September 26, 2019, by Nacole Garner, a deputy clerk with the city clerk's office; and (3) over ninety days later, Barnes' complaint was filed with the trial court on June 12, 2020. Based on an application of these facts to the statute, service upon a deputy clerk of the City should be found valid.

¶21. State law vests deputy clerks with "all of the power and authority" of "the city clerk." Miss. Code Ann. § 21-15-23 (Rev. 2015). By virtue of this law, the deputy clerk possesses "apparent authority" to exercise any of the powers of the city clerk. This bedrock tenet of agency law allows an agent to act for the principal. For almost 200 years our courts have held that "[t]he acts of the deputy are the acts of the principal." *McNutt v. Livingston*, 15 Miss. 641, 650 (1846); *see also ACE Am. Ins. Co. v. Hetsco Inc.*, 393 So. 3d 1015, 1022 (¶18) (Miss. 2024) (holding that "the principal is bound if the conduct of the principal is such that persons of reasonable prudence, ordinarily familiar with business practices, dealing with the agent might rightfully believe the agent to have the power he assumes to have").

¶22. Here the deputy city clerk fulfills the same duty as that of the city clerk. Strict compliance does not mean we should forget two centuries of law, or forfeit our common sense of how offices work or how people open the mail. As established by sworn testimony, Deputy Clerk Garner signs for mail delivered to City Hall, including notices of claim, and picks up mail from the post office on behalf of City Hall, whether addressed to her or not.

¶23. We must also remember our laws are to be interpreted not using strained or complicated constructions, but that "[a]ll words and phrases contained in the statutes are used according to their common and ordinary acceptation and meaning[.]" Miss. Code Ann. § 1-3-65 (Rev. 2019). As our Supreme Court has reminded us, "[w]hen a statute is unambiguous and conveys a clear and definite meaning, the Court follows its plain terms." *Nissan N. Am. Inc. v. Tillman*, 273 So. 3d 710, 714 (¶14) (Miss. 2019) (quoting *Lutz Homes Inc. v. Weston*, 19 So. 3d 60, 62 (¶9) (Miss. 2009)). This means we should consider "city

clerk" in light of the term's ordinary meaning in connection with pre-existing law.

¶24. When the deputy clerk signed for service of process, this was effectively the same as if the city clerk signed for it. As Barnes argues in her brief, to find otherwise would "elevate[] rigid formalism over substantive fairness, creat[ing] a trap for the unwary[.]"

¶25. Nor do the cases cited by the lead opinion require us to affirm, as they all focus on a complete failure to serve the correct governmental entity altogether. For instance, in *Dobbs v. City of Columbus*, 285 So. 3d 1219, 1222-23 (¶¶10-12) (Miss. Ct. App. 2019), a dismissal was appropriate when the plaintiff provided pre-suit notice upon the city's chief operations officer, rather than the city clerk as required by law. The same was warranted in *Tallahatchie General Hospital v. Howe*, 49 So. 3d 86, 91 (¶16) (Miss. 2010), when the chancery clerk and attorney for the hospital's board of supervisors were improperly served instead of the hospital's chief executive officer, given the hospital's status as a "political subdivision."

¶26. Here, however, the deputy city clerk—who is statutorily permitted to act on behalf of the city clerk—received the pre-suit notice, though not addressed to her, and signed for its service within the time frame allotted. Therefore, I respectfully dissent and would reverse and remand.

**WESTBROOKS, McDONALD AND EMFINGER, JJ., JOIN THIS OPINION. WILSON, P.J., JOINS THIS OPINION IN PART.**